**Lillie Ann DAVIS, Plaintiff,**

**v.**

**Carol M. BROWNER, Administrator U.S. Environmental Protection Agency, Defendant.**

**No. 99 C 7964.**

United States District Court, N.D. Illinois, Eastern Division.

Sept. 19, 2000.

Lillie Ann Davis, Chicago, IL, pro se.

Kurt N. Lindland, Assistant U.S. Attorney, Chicago, IL, Lynn N. Donley, Associate Regional Counsel, U.S. Environmental Protection Agency, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the following reasons, the court grants the defendant's motion to dismiss.

### I. BACKGROUND

Plaintiff Lillie Ann Davis ("plaintiff"), an African–American woman, brings this action against defendant Carol M. Browner, Administrator of the U.S. Environmental Protection Agency ("defendant"), under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* In her complaint, plaintiff—proceeding pro se—alleges that she was discriminated against because of her race and was also retaliated against after she complained about the racial discrimination she allegedly suffered.

The history leading up to the present case is not entirely clear based upon the pleadings.[1] However, it appears that be-

---

1. The facts are taken from the many documents attached to plaintiff's amended complaint as well as the EEOC's Final Decision of July 30, 1999. These documents are considered part of the complaint. FED R.CIV.P. 10(c). For the purpose of ruling on defen-

tween 1995 and 1996, plaintiff filed numerous complaints against her employer, the Environmental Protection Agency ("EPA"). Those complaints, filed with the EEOC, alleged discrimination based upon race, gender and retaliation. In 1997, a settlement agreement was entered into between the two parties, purporting to resolve all complaints or grievances made by plaintiff and against the EPA. In March of 1998, plaintiff filed another grievance, alleging that the EPA had violated the settlement agreement (1) by discussing plaintiff's past performance and disciplinary reviews during a meeting with plaintiff and her union representative and (2) by discriminating against plaintiff when the EPA failed to promote her. A Final Agency Decision was issued on that complaint, finding that the EPA did not breach the settlement agreement and dismissing plaintiff's claims. Plaintiff appealed that Final Agency Decision to the EEOC. On July 30, 1999, the EEOC affirmed the Final Agency Decision—ruling that the EPA had not breached the settlement agreement—and, therefore, denied plaintiff's claims.

In her reply to the defendant's motion, plaintiff claims that she attempted to file her complaint sometime after August 12, 1999—after receiving the July 30, 1999 decision. However, according to plaintiff, when she originally tried to file her complaint a person in the clerk's office told her that she needed a right-to-sue letter.[2] Plaintiff then apparently sent a letter requesting a right-to-sue letter. On September 12, 1999, plaintiff received a letter from the EPA, dated September 8, 1999, which reiterated that the EEOC had affirmed the Final Agency Decision and dismissed her claim. Plaintiff has attached this letter to her response to defendant's motion. Further, it appears from the substance of the letter that the July 30, 1999

decision was attached to the letter and resent to plaintiff. Plaintiff then filed her complaint on December 7, 1999. Although the EEOC's July 30, 1999 decision was not attached to plaintiff's amended complaint, that decision—the result of plaintiff's exhaustion of her administrative remedies— is the basis for this court's jurisdiction and, therefore, is central to plaintiff's claim. *See Gibson v. West,* 201 F.3d 990 (7th Cir.2000) (holding that a federal employee must properly exhaust administrative remedies as a condition precedent to bringing an action in federal court). Further, in her complaint, plaintiff references EEOC Appeal No. 01985079, which is the same case the EEOC's July 30, 1999 decision addressed. Accordingly, the court will consider the EEOC's July 30, 1999 decision in ruling on the motion to dismiss. *See Wright v. Associated Ins. Companies, Inc.,* 29 F.3d 1244, 1248 (7th Cir.1994).

## II. *DISCUSSION*

Defendant has brought a motion to dismiss or, in the alternative, a motion for summary judgment. The basis for the motion to dismiss is that plaintiff's complaint was untimely and, therefore, this court lacks jurisdiction. Plaintiff, on the other hand, argues that her complaint was timely. Specifically, plaintiff contends that the 90–day time limit did not begin to run until September 12, 1999—when she received the letter with the attached EEOC decision.

### A. *Legal Standard*

In addressing the defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of plaintiff. *Gomez v. Illinois State Bd. of Educ.,* 811 F.2d 1030, 1039 (7th

dant's motions, the court will accept all these allegations as true.

**2.** Plaintiff did not need a right-to-sue letter in order to file her complaint. After receiving

the EEOC's July 30, 1999 decision, plaintiff sufficiently exhausted her administrative remedies and was then able to file an action in federal district court.

Cir.1987); *Cromley v. Board of Educ. of Lockport,* 699 F.Supp. 1283, 1285 (N.D.Ill. 1988). If, when viewed in the light most favorable to the plaintiff, the complaint fails to state a claim upon which relief can be granted, the court must dismiss it. *See* FED.R.CIV.P. 12(b)(6); *Gomez,* 811 F.2d at 1039. However, the court may only dismiss the claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

While the Federal Rules of Civil Procedure provide a liberal notice pleading standard, the complaint must include either direct or inferential allegations with respect to all material elements of the claims asserted. *Perkins v. Silverstein,* 939 F.2d 463, 466 (7th Cir.1991).

### B. *Timeliness of Filing*

Defendant argues that plaintiff's claim is barred because it was not filed within the 90–day time period. Title VII clearly states that plaintiff must bring suit "[w]ithin 90 days of receipt of notice of final action taken by a department . . . or by the Equal Employment Opportunity Commission. . . ." 42 U.S.C. § 2000e–16(c). The time limit is not flexible, even for pro se litigants, and a one-day delay is fatal. *Thomas v. United Parcel Serv.,* No. 99 C 6258, 2000 WL 290279, at *2 (N.D.Ill. Mar.17, 2000).

In its July 30, 1999 decision, the EEOC stated that, if she disagreed with the EEOC's decision, the plaintiff had a right to file a civil action in this court. The decision states: "It is the position of the Commission that you have the right to file a civil action in an appropriate United States District Court *WITHIN NINETY (90) CALENDAR DAYS* from the date that you receive this decision." (Def.Mot.

to Dismiss, Ex. A (emphasis in original)); *see also* 42 U.S.C. § 2000e–16(c) (stating that the time period for filing a Title VII action against a federal employer is 90–days from the receipt of the Final Agency Decision). In this case, the July 30, 1999 decision of the EEOC resulted in an exhaustion of plaintiff's remedies. As stated in the decision itself, plaintiff could have filed an action in federal court following receipt of that decision. In her response to defendant's motion to dismiss, plaintiff claims that she received the EEOC's decision on August 12, 1999. Thus, the 90–day time period began to run on that date.[3] Plaintiff, therefore, had to file her civil action with this court by November 10, 1999 in order to comply with the 90–day time limitation. *See St. Louis v. Alverno College,* 744 F.2d 1314, 1316 (7th Cir.1984) (holding that the 90–day time period begins to run upon actual receipt by the plaintiff). Plaintiff did not file her complaint until December 7, 1999. Absent a defense that would excuse plaintiff's late filing, plaintiff's claim must be dismissed. Although, a statute of limitations defense—equitable tolling—is available to plaintiff, there is nothing contained in the pleadings that would warrant equitable tolling. Thus, plaintiff's complaint is untimely. Accordingly, the court grants defendant's motion to dismiss.

Despite the shortcomings of her complaint, in her response to defendant's motion, plaintiff argues that she attempted to file her complaint but was told by a person in the clerk's office that she needed a right-to-sue letter. This argument could be construed as an assertion of the doctrine of equitable tolling as a defense to plaintiff's untimeliness. The court could give plaintiff the opportunity to amend her complaint to include these allegations, *see* FED.R.CIV.P. 15(c). However, because the court finds, as a matter of law, that—even

---

**3.** The defendant claims that, according to the mail receipts, plaintiff received the decision on August 2, 1999. However, plaintiff claims she did not receive it until "about August 12,

1999." For purpose of ruling on this motion, the court will accept plaintiff's claim as true and find that the date of receipt is August 12, 1999.

if plaintiff's allegations were taken as true—there is no basis for equitable tolling, the court will address this issue now in order to avoid prolonging this litigation.

## C. *Equitable Tolling*

■ Although courts adhere strictly to Title VII's 90–day time period, the time limitations are not jurisdictional but rather statutes of limitations subject to equitable tolling. *Irwin v. Dept. of Veterans Affairs,* 498 U.S. 89, 95–96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); *Jones v. Madison Serv. Corp.,* 744 F.2d 1309, 1314 (7th Cir. 1984) (citing *Zipes v. Trans. World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982)). However, equitable tolling is an exception to the general rule and is restricted for those extreme circumstances in which the claimant has made a good faith error, such as bringing a timely complaint in the wrong court, or has been prevented in some extraordinary way from filing her complaint on time, such as inadequate notice to the plaintiff. *Irwin,* 498 U.S. at 95–96, 111 S.Ct. 453; *Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 151–52, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984); *Jones,* 744 F.2d at 1314. To apply the doctrine of equitable tolling, the court cannot look beyond the face of the complaint to resolve factual disputes. *Rennie v. Garrett,* 896 F.2d 1057, 1062 (7th Cir. 1990).

■ "A presumption exists that the plaintiff could have filed within the statutory period, and he must show why he could not have learned of the deadline through due diligence." *Freeman,* No. 91 C 1459, 1991 WL 249724, at *2 (N.D.Ill. Nov.15, 1991) (citations omitted). Further, the Seventh Circuit has been reluctant to extend the 90–day time period and has "restricted and reserved [equitable tolling] only for situations in which the claimant has made a good faith error (e.g. brought suit in the wrong court) or has been prevented in some extraordinary way from filing his complaint in time." *Jones,* 744 F.2d at 1314.

■ Moreover, the Supreme Court has held that the principles of equitable tolling do not extend to what is at best a garden variety claim of excusable neglect. *Irwin,* 498 U.S. at 96, 111 S.Ct. 453. (holding that receipt of the EEOC's decision by plaintiff's lawyer began the running of the time period and, thus, refusing to extend principles of equitable tolling where the complaint was filed within 90 days of plaintiff personally receiving notice but after the time limit had expired). In fact, a plaintiff's mistaken belief that the time limit did not begin to run upon receipt of the Final Agency Decision is not enough to warrant equitable tolling. *See Narsete v. West,* No. 99 C 4046, 2000 WL 1056348, at *5–6 (N.D.Ill. July 31, 2000).

■ In this case, plaintiff received the EEOC decision on August 12, 1999. Thus, she knew of the deadline at that time. She has presented no evidence that she was prevented from filing a law suit within the 90–day time period. Although she claims that a person in the clerk's office told her she needed a right-to-sue letter, plaintiff does not argue that she was prevented from filing the lawsuit without it. In fact, plaintiff never received a "right-to-sue" letter—what she did receive was a cover letter attached to another copy of the EEOC's decision which she originally received on August 12, 1999—and yet she was able to file her complaint in December of 1999. Further, the deadline in the EEOC decision was clear that plaintiff had 90 days to file her complaint—nothing in the letter which she received on September 12, 1999 contradicted that deadline. Moreover, when plaintiff received that letter on September 12, 1999—just 30 days after she received the EEOC decision—she still had 60 days to file a timely complaint. She failed to file her complaint within that time. In fact, plaintiff waited until December 7, 1999—eighty-four days after receiving the letter on September 12, 1999—to file this action. Plaintiff received

adequate notice of the deadline, there is no evidence of misconduct by the defendant,[4] and plaintiff was not misled by the court.[5] Had plaintiff used reasonable diligence, she should have known that her complaint needed to be filed within 90–days of receipt of the EEOC decision. Thus, the court finds no extraordinary circumstances which would warrant the equitable tolling of the 90–day time period. *See Baldwin,* 466 U.S. at 151–52, 104 S.Ct. 1723.

▮ Finally, the court accepts as true the fact that plaintiff spoke with a person in the clerk's office and that she was told she needed a right-to-sue letter. However, the EEOC decision clearly—and in no uncertain terms—told plaintiff that she had the right to file suit at that point. Reliance on an unidentified person in the clerk's office is not enough to warrant equitable tolling.[6] *See Thomas,* 2000 WL 290279, at *2 (holding that equitable tolling did not apply where plaintiff relied on advice from a courthouse official); *Freeman v. United States Postal Serv.,* No. 91 C 1459, 1991 WL 249724, at *2–3 (N.D.Ill. Nov.15, 1991) (refusing to equitably toll

the time period and holding that reliance on information given by an employee of the court was not prudent especially when that information directly conflicted with the deadlines given in the EEOC's decision and by plaintiff's EEOC counselor); *Jackson v. Frank,* No 89 C 9204, 1990 WL 139270, at *6 (N.D.Ill. Sept.17, 1990) (refusing to toll the time limit because the period in which the complaint had to be filed was clear in the Final Agency Decision and plaintiff presented no evidence of "inadequate notice, misleading by [defendant] or any other basis for equitable intervention"). Plaintiff's mistaken belief that the time period did not begin to run until after she received the letter on September 12, 1999 is not sufficient to justify the tolling of the 90–day time limitation. *See Narsete,* 2000 WL 1056348, at *5–6.

In sum, the circumstances surrounding the filing of this claim are not the kind of extraordinary ones that would give rise to equitable tolling of the time period. Thus, this defense is not available to plaintiff and her complaint is dismissed for untimeliness.

4. Although in her response brief plaintiff claims that the defendant failed to send her a right-to-sue letter, no right-to-sue letter was required. The decision by the EEOC clearly stated the time in which plaintiff had to file her suit and the defendant did nothing to mislead plaintiff about that fact.

5. Although plaintiff claims that a person in the clerk's office told her that she needed a right-to-sue letter, it is generally held that the "court" does not consist of personnel from the clerk's office but is the judge or magistrate judge. *See United States v. Heller,* 957 F.2d 26, 31 (1992) (holding that the clerk's office is not considered to be "the court" and that "reliance on the advice, statements, or actions of court employees cannot trigger the doctrine [of unique circumstances], whether appellant is or is not pro se.")

6. Although in her motion to file a surreply, plaintiff claims that she spoke with Carolyn Hoseley in the clerk's office and with George Schwein (Judge Gettleman's minute clerk), it appears that these conversations occurred *after* plaintiff filed her complaint—and after the

90–day time period expired. First, in her motion to file a surreply, plaintiff discusses receiving defendant's motion and claims that she "went back over to the Court" which is when she spoke with Carolyn Hoseley. In reading plaintiff's motion for surreply, the court concludes that this conversation with Hoseley occurred after the plaintiff filed her complaint. Further, plaintiff claims she spoke with George Schwein, who is Judge Gettleman's minute clerk (this case was originally assigned to Judge Gettleman). Plaintiff could not have known which Judge was assigned to hear her case—and, consequently, which Minute Clerk to speak with—until *after* she filed her complaint. Thus, the court finds that neither of these conversation occurred until after the 90–day time period expired. Thus, they are irrelevant in determining whether the time period should be tolled. *See Connell v. J.P. Morgan Inv. Management, Inc.,* No. 93 C 5940, 1994 WL 132148, at *3 (S.D.N.Y. Apr. 12, 1994) (finding that any statements made to plaintiff after the 90–day time period had expired were irrelevant for purposes of equitable tolling).

### III. *CONCLUSION*

For the foregoing reasons, the court grants defendant's motion to dismiss. Plaintiff's case is dismissed with prejudice.