Richard E. JOHNSON, Jr.

v.

**NEWPORT COUNTY CHAPTER FOR RETARDED CITIZENS, INC., et al.**

No. 2001–129–Appeal.

Supreme Court of Rhode Island.

June 19, 2002.

Rebecca N. Warr, Riverside, Jay M. Elias, Providence, for Plaintiff.

Jeremiah C. Lynch, III/Laurent L. Rousseau, Newport, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

GOLDBERG, Justice.

This case came before the Court for oral argument on April 16, 2002, on appeal by Richard E. Johnson, Jr. (Johnson or plaintiff) from an order granting summary judgment in favor of defendants, Newport County Chapter for Retarded Citizens, Inc., Newport County Chapter for Retarded Citizens, Inc./Bristol County Developmental & Training Center, Newport County Chapter for Retarded Citizens, Inc./James L. Maher Center, John H. Maher, d/b/a James L. Maher Center (Newport or defendants).

### Facts and Travel

Richard Johnson served, without incident, as a residential instructor at Newport from August 1988 until the fall of 1990, when Dale–Ann Aubrey (Aubrey) became his supervisor. The record discloses that Aubrey began to initiate unwanted sexual advances and inappropriate sexual remarks toward Johnson, despite the fact that he repeatedly told her that this conduct was unwelcome and he requested that this offensive behavior cease. Although Johnson sought assistance from defendants' employees and staff, Aubrey's harassing conduct continued through the fall of 1994, causing Johnson to suffer high blood pressure, pronounced weight loss, insomnia, depression, anxiety and suicidal thoughts. As a result, Johnson was diagnosed with an anxiety disorder and an acute stress reaction to his work environment and was advised by his primary care physician to take a medical leave of absence.

Johnson underwent advanced and aggressive mental health care, including psychiatric and psychological counseling. However, his condition worsened and he began to experience physical and mental manifestations, including hair loss, intense agoraphobia and severe and debilitating panic attacks. He was subsequently diagnosed with post-traumatic stress disorder. On May 18, 1995, Johnson filed a claim of discrimination against Newport with the Rhode Island Commission for Human Rights (the commission) and the Equal Employment Opportunity Commission (the EEOC), alleging both sexual harassment and sexual discrimination in connection with his employment at Newport. Pursuant to G.L.1956 § 28–5–24.1,[1] the commission subsequently issued a "Notice of Right to Sue" on May 17, 1997. Although plaintiff ultimately filed this action against defendants, he failed to institute suit within the ninety-day period set forth in § 28–5–24.1.

The defendants filed a motion for summary judgment in November 2000, based on plaintiff's failure to institute suit on a

1. General Laws 1956 § 28–5–24.1(b) provides in pertinent part:

"**Proceedings in superior court.**—(b) * * * The complainant has the right to commence suit in the superior court in any county as provided in § 28–5–28 within ninety (90) days of the date of the right to sue letter, a copy of which shall be sent to all parties."

timely basis. The trial justice granted the motion and rejected plaintiff's claim that his alleged mental incapacity, incurred as a result of his hostile work environment, should serve to equitably toll the ninety-day statute of limitations. On appeal before this Court, plaintiff again argues that the ninety-day statute of limitations for commencing a civil suit under the Rhode Island Fair Employment Practices Act and the Rhode Island Civil Rights Act of 1990 should be equitably tolled based upon his severe and debilitative condition during this period.

The testimony submitted in opposition to defendants' motion for summary judgment included an affidavit of plaintiff's treating psychiatrist, Dr. Jonathan Wolston, M.D. (Dr. Wolston). Doctor Wolston testified that during the relevant ninety-day period, plaintiff suffered from extreme social phobias that caused excessive fear of contact with people, especially his former boss and that he was confused, overwhelmed and experienced blackouts and difficulty retaining information. Further, during this period, plaintiff attempted to commit suicide. It was Dr. Wolston's opinion that plaintiff's judgment was severely impaired to the extent that he was unable to comprehend or exercise his right to undertake litigation in this or any other matter. The plaintiff maintains that his condition rose to the level of unsound mind sufficient to invoke the doctrine of equitable tolling of the period of limitations.

### Standard of Review

█ This Court reviews a grant of summary judgment on a *de novo* basis.

*Marr Scaffolding Co. v. Fairground Forms, Inc.*, 682 A.2d 455, 457 (R.I.1996). "Accordingly, if our review of the admissible evidence viewed in the light most favorable to the nonmoving party reveals no genuine issues of material fact, and if we conclude that the moving party was entitled to judgment as a matter of law, we shall sustain the trial justice's granting of summary judgment." *Accent Store Design, Inc. v. Marathon House, Inc.*, 674 A.2d 1223, 1225 (R.I.1996). The nonmoving party, however, must present evidence that a disputed material fact exists and cannot prevail by simply relying on allegations or denials in the pleadings. *Heflin v. Koszela*, 774 A.2d 25, 29 (R.I.2001).

### Discussion

█ The trial justice found that the tolling provision for people of unsound mind as provided by G.L.1956 § 9–1–19[2] was of no assistance to the plaintiff because a separate provision, § 9–1–24,[3] bars its application in circumstances such as these in which a different limitation period is set forth by special provision. Parties seeking relief in Superior Court for alleged violations of the Rhode Island Fair Employment Practice Act are mandated, pursuant to § 28–5–24.1, to file suit within ninety days of the issuance by the commission of a written authorization to undertake litigation. We agree with the analogy drawn between this case and the medical malpractice claims presented in *Bakalakis v. Women & Infants' Hospital*, 619 A.2d 1105 (R.I.1993), in which a separate statute of

2. General Laws 1956 § 9–1–19 entitled **"Disability postponing running of statute"** provides:

"If any person at the time any such cause of action shall accrue to him or her shall be * * * of unsound mind * * * the person may bring the cause of action, within the

time limited under this chapter, after the impediment is removed."

3. Section 9–1–24 entitled **"Special limitations provisions unaffected"** provides:

"The provisions of §§ 9–1–14—9–1–23 shall not apply to any case in which a different time is limited by special provisions."

limitations for medical malpractice actions was required by § 9–1–14.1, thus rendering the tolling provisions of § 9–1–19 inapplicable. We hold that the ninety-day provision in § 28–5–24.1 falls under this same exception to the tolling provision and that, therefore, the ninety-day statute of limitations is applicable in this case.

■ However, in granting summary judgment, the trial justice declined to consider equitable tolling as an exception to the statute of limitations in cases in which it can be established that the plaintiff suffers from a mental incapacity that prevented a timely filing of suit. We hold that equitable tolling is an exception to the general statute of limitations based upon principles of equity and fairness and is available to litigants who suffer from debilitating mental incapacity. Jurisdictions that have confronted this issue have refused to adopt an absolute rule that would bar equitable tolling and require that the statute of limitations run notwithstanding a mental disability. *Lopez v. Citibank, N.A.*, 808 F.2d 905, 906 (1st Cir.1987). The United States Supreme Court also has addressed equitable tolling and noted that unlike claims against the federal government, "the statutory time limits applicable to lawsuits against private employers under Title VII are subject to equitable tolling." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95, 111 S.Ct. 453, 457, 112 L.Ed.2d 435, 444 (1990)(citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982)). The United States Court of Appeals for the First Circuit has held that the time requirements of Title VII are "not jurisdictional * * * [but] more akin to a statute of limitations and therefore subject to the usual gamut of equitable exceptions." *Bonilla v. Muebles J.J. Alvarez, Inc.*, 194 F.3d 275, 278 (1st Cir.1999). Likewise, courts in New York, Texas and Illinois have held that the Title VII filing requirements are "not jurisdictional in nature, but are requirements that 'like a statute of limitations, [are] subject to waiver, estoppel, and equitable tolling.'" *Commodari v. Long Island University*, 89 F.Supp.2d 353, 383 (E.D.N.Y.2000)(quoting *Zipes*, 455 U.S. at 393, 102 S.Ct. at 1133, 71 L.Ed.2d at 243); *see Pietras v. Board of Fire Commissioners*, 180 F.3d 468, 474 (2d Cir. 1999); *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984); *Lowery v. University of Houston— Clear Lake*, 82 F.Supp.2d 689, 693 (S.D.Tex.2000); and *Davis v. Browner*, 113 F.Supp.2d 1223, 1227 (N.D.Ill.2000).

The defendants in this case are private organizations and not governmental entities. Thus the limitation to the equitable tolling of statutes of limitations for claims against the government based on sovereign immunity concerns is not applicable in the case before us.

■ The defendants urge this Court to refuse to recognize the doctrine of equitable tolling because in Title VII cases, the states are not required to abide by federal decisions involving procedural requirements. The defendants cite *Newport Shipyard, Inc. v. Rhode Island Commission For Human Rights*, 484 A.2d 893 (R.I.1984), in which this Court decided to follow the federal courts' construction of the Civil Rights Act of 1964 when determining a plaintiff's burden of proof in cases brought under chapter 5 of title 28. Noting that *Newport Shipyard* involved an issue of substantive law and that time limitations present a procedural question, defendants argue that this Court is not bound to follow federal law. We reject the distinction drawn between issues of substantive and procedural law because the availability of equitable tolling is outcome determinative and more akin to a substantive law issue than a procedural require-

ment. Accordingly, we recognize that in appropriate circumstances, equitable tolling may serve as an exception to the statute of limitations set forth in § 28–5–24.1 for people of unsound mind.

This Court recently adopted a definition of unsound mind to determine whether a party was sufficiently disabled for purposes of postponing the running of a statute of limitations pursuant to § 9–1–19. In *Roe v. Gelineau*, 794 A.2d 476 (R.I. 2002), we held that the practical and operational definition of unsound mind should be "the inability to manage one's day-to-day affairs" because this definition can be easily applied and requires "objectively ascertainable actions or inaction." *Id.* at 486–87. We held that exceptions to statutes of limitations on behalf of those with disabilities are strictly construed, and therefore, an objective standard "complies with the statutory intent of the term [unsound mind]." *Id.* at 487. Therefore, if Johnson is found to be of unsound mind as we have defined it, equitable tolling is available as an exception to the statute of limitations during the period at issue. There is significant evidence in the record that may establish that Johnson was unable to manage his day-to-day affairs and, therefore, he was of unsound mind. Fur-

ther, it is alleged that his condition was directly attributable to the defendants themselves, a factor that is certainly relevant to the application of equitable principles, but is by no means a requirement. We remand this case to the Superior Court for a hearing on this issue.

## Conclusion

Accordingly, we uphold the trial justice's determination that § 9–1–24 bars the application of the unsound mind exception contained in § 9–1–19 to suits brought pursuant to § 28–5–24.1. We hold, however, that the doctrine of equitable tolling is applicable to circumstances in which the plaintiff has failed to timely undertake suit and has been found to be of unsound mind. The plaintiff's appeal is sustained and the order granting summary judgment is vacated. This case is remanded to the Superior Court for further proceedings in accordance with this decision.