Heidi ISELIN

v.

**RETIREMENT BOARD OF the EMPLOYEES' RETIREMENT SYSTEM OF RHODE ISLAND et al.**

No. 2004–189–M.P.

Supreme Court of Rhode Island.

March 27, 2008.

Robert S. Parker, Esq., Providence, for Plaintiff.

William E. O'Gara, Esq., for Defendants.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## O P I N I O N

Justice GOLDBERG, for the Court.

This case came before the Supreme Court on February 7, 2008, pursuant to our issuance of a writ of certiorari. Heidi Iselin (plaintiff or Iselin), seeks review of a Superior Court judgment affirming a decision of the defendant, the Retirement Board of the Employees' Retirement System of Rhode Island (defendant, retirement board or board), that denied the plaintiff's request for an accidental disability pension and dismissed her complaint for declaratory relief. The plaintiff has appealed to this Court, contending that the trial justice erred by failing to toll the statute of limitations for accidental disability pensions under G.L. 1956 § 36–10–14(b), because of the plaintiff's alleged incapacity. For the reasons stated in this opinion, we affirm the judgment entered by the Superior Court.

### Facts and Travel

On September 1, 1996, a then thirty-three-year old Iselin reported to work for the Department of Mental Health, Retardation, and Hospitals, for which she worked as a community living aide.[1] While in the process of instructing a mentally handicapped client how to cook, Iselin momentarily left the kitchen, during which time the client dropped eggs on the floor. As she reentered the kitchen, Iselin fell and injured her lower back. A day later, plaintiff sought treatment at the Garden City Treatment Center. In the ensuing days, as the pain persisted, Iselin began a physical therapy program at Rhode Island Rehabilitation. An MRI revealed a herniated disc, for which she underwent surgery in November 1997. This surgery somewhat alleviated plaintiff's back pain, but the pain in her leg increased. The plaintiff also sought psychiatric treatment in 2000, for mental anguish associated with the pain from her slip-and-fall injury.

Because she was a state employee since August 1983, Iselin filed a claim for an accidental disability pension.[2] The claim was untimely. Although she had requested an application in the fall of 1997, plaintiff did not actually file it until June or July 2002—beyond the five-year limitation period.[3] *See* G.L. 1956 § 36–10–14(b). By

---

1. Many of the facts about the cause, nature, and effects of plaintiff's injury are derived from her testimony before an Employees' Retirement System of Rhode Island hearing officer on March 3, 2003.

2. On plaintiff's disability retirement application, she lists her medical reason for disability as "Failed Back injury—compressed sciatica—Post BiLaminectomy Fybromyalgia."

3. A copy of the disability retirement application was produced during the March 3, 2003,

letter dated October 9, 2002, the Employees' Retirement System of Rhode Island (retirement system) notified Iselin that her application for accidental disability retirement benefits was denied because it was filed more than five years from the date of the accident.

On March 3, 2003, an administrative hearing was held at the retirement system, and in a written decision dated June 10, 2003, the hearing officer affirmed the denial and rejected plaintiff's application.

■ Iselin thereafter sought review before the retirement board, and after a hearing on September 10, 2003, the board voted to affirm the hearing officer's decision. Importantly, at the hearing, the retirement board stated that "the Retirement System did not * * * challenge whether or not there was a mental incapacity on the applicant's part." Although before this Court, the board disputes plaintiff's alleged incapacity, we shall assume, without deciding, that Iselin was disabled and suffered from a mental incapacity. We do so because an administrative agency may not decline to reach an issue and then argue that the issue was waived by the applicant.

The plaintiff filed a complaint with the Superior Court, challenging the retirement board's decision and requesting administrative and declaratory relief under G.L. 1956 § 42–35–15, the Administrative Procedures Act, and G.L. 1956 § 9–30–1, of the Uniform Declaratory Judgments Act.

The trial justice found the language of § 36–10–14(b) to be clear and unambiguous, and he consequently concluded that the five-year statute of limitations for filing accidental disability retirement applications was controlling and barred plaintiff's claims. He also declined to grant declaratory relief, reasoning that the Administrative Procedures Act provided an appropriate remedy. A judgment was entered on June 24, 2004. The plaintiff's petition for writ of certiorari was granted by this Court on May 20, 2005.

## The Administrative Procedures Act

■ The Superior Court's review of the decision of an administrative agency is governed by the Administrative Procedures Act.[4] *Rossi v. Employees' Retirement System of Rhode Island,* 895 A.2d 106, 109 (R.I.2006). "When this Court reviews the judgment of the Superior Court in administrative proceedings, our review is limited to questions of law." *Id.* at 110 (citing § 42–35–16 and *Johnston Ambulatory Surgical Associates, Ltd. v. Nolan,* 755 A.2d 799, 805 (R.I.2000)). "Questions of law determined by the administrative agency are not binding upon us and may be freely reviewed to determine the relevant law and its applicability to the facts

administrative hearing, but the date stamp was not fully legible. Noting this discrepancy, the hearing officer determined the date to be either June or July of 2002.

4. General Laws 1956 § 42–35–15(g) provides:

"The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

"(1) In violation of constitutional or statutory provisions;

"(2) In excess of the statutory authority of the agency;

"(3) Made upon unlawful procedure;

"(4) Affected by other error or law;

"(5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or

"(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."

presented in the record." *State Department of Environmental Management v. State Labor Relations Board*, 799 A.2d 274, 277 (R.I.2002) (citing *Carmody v. Rhode Island Conflict of Interest Commission*, 509 A.2d 453, 458 (R.I.1986)). Although this Court affords the factual findings of an administrative agency great deference, questions of law—including statutory interpretation—are reviewed *de novo*. *In re Advisory Opinion to the Governor*, 732 A.2d 55, 60 (R.I.1999) (citing *City of East Providence v. Public Utilities Commission*, 566 A.2d 1305, 1307 (R.I. 1989)).

It is undisputed that Iselin filed her application for disability benefits outside the statutorily prescribed limitations period set forth in § 36–10–14(b).[5] The overarching issue on appeal is whether that time bar may be equitably tolled—and, if so, whether the trial justice erred in not doing so.[6] Because this analysis involves an issue of statutory interpretation, we shall examine § 36–10–14(b) before we address plaintiff's arguments.

## Statutory Construction

Questions of statutory interpretation are reviewed *de novo* by this Court.

*Webster v. Perrotta*, 774 A.2d 68, 75 (R.I. 2001). "It is well settled that when the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." *Accent Store Design, Inc. v. Marathon House, Inc.*, 674 A.2d 1223, 1226 (R.I. 1996).[7]

Section 36–10–14(b) requires that "[t]he application shall be made within five (5) years of the alleged accident from which the injury has resulted * * *." We are of the opinion that this language is clear and unambiguous, as the trial justice properly found; consequently, this Court has no authority to extend its scope. *See Citizens for Preservation of Waterman Lake v. Davis*, 420 A.2d 53, 57 (R.I.1980) (stating that statutory language may not be "construed or extended" when an act of the General Assembly is unambiguous). The statute before us is devoid of any language suggesting that the limitations period may be tolled, as plaintiff requests; accordingly "our assigned task is simply to interpret the act, not to redraft it * * *." *Sindelar v. Leguia*, 750 A.2d 967, 972 (R.I. 2000). As we have reasoned, "it is axiomatic that 'this Court will not broaden

5. General Laws 1956 § 36–10–14(b) states:

The application shall be made within five (5) years of the alleged accident from which the injury has resulted in the members [*sic*] present disability and shall be accompanied by an accident report and a physicians [*sic*] report certifying to the disability; provided that if the member was able to return to his or her employment and subsequently reinjures or aggravates the same injury, the application shall be made within the later of five (5) years of the alleged accident or three (3) years of the reinjury or aggravation.

6. It has not escaped our attention that plaintiff has taken different positions before various tribunals with respect to the nature of the requested relief. In fact, in her complaint

filed in Superior Court, plaintiff argued that the *retirement board* erred in not equitably tolling the statute, while on appeal plaintiff argues that the *hearing justice* should have tolled the statute. These are divergent positions, but we choose to address the merits of this appeal, notwithstanding.

7. Alternatively, when confronted with an ambiguous statute, this Court examines the statute in its entirety, relying upon principles of statutory construction, in order to discern "the intent and purpose of the Legislature." *State v. Peterson*, 722 A.2d 259, 264 (R.I.1998) (quoting *In re Advisory to the Governor*, 668 A.2d 1246, 1248 (R.I.1996)). "In so doing, '[t]his [C]ourt will not construe a statute to reach an absurd result.'" *Id.* (quoting *Kaya v. Partington*, 681 A.2d 256, 261 (R.I.1996)).

statutory provisions by judicial interpretation unless such interpretation is necessary and appropriate in carrying out the clear intent or defining the terms of the statute.'" *State v. Santos,* 870 A.2d 1029, 1032 (R.I.2005) (quoting *Simeone v. Charron,* 762 A.2d 442, 448–49 (R.I.2000)). Therefore, we conclude that the language set forth in § 36–10–14(b) is clear and unambiguous and not subject to an expanded interpretation. *See Davis,* 420 A.2d at 57.

### Equitable Tolling

■ ■ ■ The plaintiff urges this Court to expand the statutory language to embrace the doctrine of equitable tolling, which would permit the filing of untimely disability claims. However, to do so would conflict with § 42–35–15(g)(2) of the Administrative Procedures Act. An administrative agency is a product of the legislation that creates it, and it follows that "[a]gency action is only valid, therefore, when the agency acts within the parameters of the statutes that define [its] powers." *In re Advisory Opinion to the Governor,* 627 A.2d 1246, 1248 (R.I.1993) (citing *F. Ronci Co. v. Narragansett Bay Water Quality Management District Commission,* 561 A.2d 874, 879 (R.I. 1989)). Our examination of this unambiguous statute does not reveal even a remote suggestion that equitable tolling is available to save untimely claims, and we decline to hold otherwise. We reach this conclusion mindful that the General Assembly has expressly provided for the tolling of certain statutes of limitations in several instances.[8] It has vested judges with the authority to toll certain statutes. By contrast, the General Assembly has

not done so with respect to the instant statute.

In arguing for an implied tolling mechanism in § 36–10–14(b), plaintiff points to our decision in *Johnson v. Newport County Chapter for Retarded Citizens, Inc.,* 799 A.2d 289, 292 (R.I.2002). The plaintiff contends that our holding in *Johnson* supports an application of equitable tolling in circumstances in which a mental disability renders a person incapable of managing his or her daily affairs such that he or she was unable to invoke the jurisdiction of the court on a timely basis. Iselin attempts to reinforce her argument based on *Johnson* by pointing to certain decisions of the United States Supreme Court and of "other jurisdictions" that have provided equitable relief when a limitations period set forth by statute cannot be met due to a mental disability. We are satisfied that the situation at issue in *Johnson* is readily distinguishable from the situation now before us, and we undertake this analysis mindful that equitable tolling with respect to an application for disability retirement benefits would require an administrative body, composed of lay individuals, to make decisions about equitable tolling in situations that involve complex medical and psychiatric infirmities.

In *Johnson,* 799 A.2d at 290, the plaintiff, an employee of a private employer, brought a sex discrimination action against his employer. It was established that Johnson suffered from acute mental illness that rendered him unable to file a complaint in Superior Court within ninety-days of the issuance of a right to sue letter by the Human Rights Commission, in accordance with G.L. 1956 § 28–5–24.1(b).

---

**8.** *See, e.g.,* G.L. 1956 § 9–1–14.1 (providing for the tolling of the period for bringing certain medical malpractice actions); § 9–1–19 (providing for the tolling of the period for bringing a cause of action for minors and persons of unsound mind, among others); G.L. 1956 § 10–7–2 (providing for the tolling of the period for bringing a wrongful death action).

*Johnson*, 799 A.2d at 290. This Court held that the trial justice should have considered the possibility of the equitable tolling of this ninety-day window as "an exception to the general statute of limitations based upon principles of equity and fairness [for] litigants who suffer from debilitating mental incapacity" that prevented a timely filing of suit. *Id.* at 292. In *Johnson*, we employed an "unsound mind" test as established in *Roe v. Gelineau*, 794 A.2d 476, 486–87 (R.I.2002), to evaluate whether or not the statute should be tolled. *Johnson*, 799 A.2d at 293. Since there was evidence on the record that indicated Johnson was of unsound mind, the Court remanded the case to the Superior Court for a hearing on the issue of equitable tolling. *Id.*

Our holding in *Johnson* clearly is distinguishable from this case because of the status of the parties and the nature of the forum involved. In *Johnson*, the defendant was a private party, not an administrative agency vested with clearly defined and quite finite responsibilities. Further, the plaintiff in *Johnson* attempted to invoke the original jurisdiction of the Superior Court and sought equitable tolling of a statute of limitations period governing the filing of a claim for damages arising from a statutory tort; the case did not involve an application for benefits from an administrative body. *Johnson*, 799 A.2d at 292. Very significantly, in *Johnson*, it was the Superior Court, and not an administrative agency, that was directed to consider the equitable tolling issue; whether a particular statute should be tolled in a given situation is the sort of issue with which courts frequently deal.

The retirement system is a complex administrative agency that oversees, *inter alia*, a large number of claims; a statute of limitation governing those claims is likely

to be absolute and devoid of exceptions. In *Rossi*, 895 A.2d at 111–12, this Court acknowledged the significant responsibilities of the retirement board and the various retirement plans it administers, as well as the interplay of the workers' compensation benefit system. We reasoned that "[i]n light of these distinctions, it is obvious that the Legislature intended for accidental disability requirements to be *stringent* * * *." *Rossi*, 895 A.2d at 112, (emphasis added). Accordingly, and in light of this holding, we are fully satisfied that equitable tolling is not statutorily authorized.

### Other Issues

 Although plaintiff attempts to request a review of the Superior Court's denial of declaratory relief, this argument was not properly preserved in the trial court, nor was it presented for appellate review. An examination of the record in this case reveals (1) that plaintiff's complaint fails to set forth a request for declaratory relief and (2) that the Superior Court memorandum was devoid of any discussion of declaratory relief.[9] Under our well settled raise-or-waive rule we therefore deem this issue waived. "This Court will not consider an issue raised on appeal that was not presented to the trial court." *State v. Russell*, 890 A.2d 453, 462 (R.I. 2006).

Additionally, plaintiff has failed to set forth the question of declaratory judgment in her brief to this Court. In fact, § 9–30–1, of the Uniform Declaratory Judgments Act, is not mentioned anywhere in plaintiff's initial appellate brief; instead, it is first mentioned only in a later-filed reply brief that does not explain what form of declaratory relief is requested. We deem the issue waived. Article I, Rule 16(a) of

---

9. Although plaintiff's complaint and memorandum each referred to the Uniform Declar- atory Judgments Act, the issue was not addressed within the body of either document.

the Supreme Court Rules of Appellate Procedure provides that "[e]rrors not claimed, questions not raised and points not made ordinarily will be treated as waived and not be considered by the [Supreme] Court." We have noted that "[s]imply stating an issue for appellate review, without a meaningful discussion thereof or legal briefing of the issues, does not assist the Court in focusing on the legal questions raised, and therefore constitutes a waiver of that issue." *Wilkinson v. State Crime Laboratory Commission*, 788 A.2d 1129, 1131 n. 1 (R.I.2002).

Finally, the plaintiff argues that her receipt of workers' compensation benefits supports her argument for the equitable tolling of the statute of limitations in this case. We conclude that this issue also is not properly before us because the plaintiff failed to adequately raise it before the Superior Court. Finally, we decline to address the plaintiff's contention that public policy warrants a tolling of the limitations period. Such public-policy considerations are more appropriately addressed by the Legislature. *See, e.g., Lacey v. Reitsma*, 899 A.2d 455, 458 (R.I.2006).

## Conclusion

For the reasons stated in this opinion, we affirm the judgment of the Superior Court.[10]

---

**10.** Although we sympathize with plaintiff's plight and realize that the result we reach may seem harsh, our reading of the relevant authorities compels us to reach that result. *See Ryan v. Roman Catholic Bishop of Providence*, 941 A.2d 174, 181 (R.I.2008) ("[Statutes of limitations] are the product of a balancing of the individual person's right to seek redress for past grievances against the need of society and the judicial system for finality—for a closing of the books.").