**Supreme Court**
No. 2017-336-Appeal.

Cody-Allen Zab             :

v.                         :

Katherine Zab.             :

## O R D E R

This case came before the Supreme Court for oral argument on January 15, 2019, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  The plaintiff, Cody-Allen Zab (plaintiff), appeals from a Family Court order that denied his motion to "seal the record" of his prior marriage.  After reviewing the memoranda and the record before us, we conclude that cause has not been shown and we proceed to decide the appeal at this time.  For the reasons set forth herein, we affirm the order of the Family Court.

On February 2, 2006, plaintiff set fire to the home of a ninety-five-year-old man in an attempt to recoup a drug debt; the man, who died as a result of the fire, was not plaintiff's intended victim.  The plaintiff was indicted and subsequently entered pleas of guilty to one count of first-degree murder, in violation of G.L. 1956 § 11-23-1; one count of first-degree arson, in violation of G.L. 1956 § 11-4-2; and one count of fourth-degree arson, in violation of § 11-4-5.  On April 9, 2008, he was sentenced to life imprisonment.

On April 16, 2012, while he was serving a sentence of life imprisonment at the Adult Correctional Institutions, plaintiff married the defendant, Katherine Zab (Katherine).[1]  It was a brief union, however, for on June 5, 2013, plaintiff filed for divorce.  Katherine failed to respond to the

---

[1] For the sake of clarity, we shall refer to Katherine by her first name; we intend no disrespect by doing so.

complaint for divorce and subsequently was defaulted. On December 3, 2013, plaintiff was awarded an absolute divorce. On May 25, 2017, plaintiff filed a postjudgment motion seeking to "expunge/seal record of marriage."[2] At a hearing on the motion, he argued that the marriage record should "be sealed as if it never existed" because, in accordance with G.L. 1956 § 13-6-1, "all lifers are civilly dead" and, thus, are prohibited from entering into the bond of matrimony. After hearing plaintiff's argument, the hearing justice first questioned whether the Family Court had jurisdiction to seal the marriage record but nevertheless concluded that plaintiff's marriage to Katherine was valid and denied the motion. The plaintiff timely appealed the decision to this Court.

This Court conducts a *de novo* review of a trial justice's ruling concerning the interpretation of a statute. *Twenty Eleven, LLC v. Botelho*, 127 A.3d 897, 900 (R.I. 2015). "In matters of statutory interpretation our ultimate goal is to give effect to the purpose of the act as intended by the Legislature." *Webster v. Perrotta*, 774 A.2d 68, 75 (R.I. 2001). "[W]hen the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." *Waterman v. Caprio*, 983 A.2d 841, 844 (R.I. 2009) (quoting *Iselin v. Retirement Board of the Employees' Retirement System of Rhode Island*, 943 A.2d 1045, 1049 (R.I. 2008)).

Before this Court, plaintiff argues that the Family Court misinterpreted § 13-6-1 and, thus, erred in denying the motion to seal because his marriage to Katherine was invalid.[3] However, before we address plaintiff's assignment of error, we must first determine whether plaintiff, who, based upon the imposition of a sentence of life imprisonment, is deemed "civilly dead" in accordance with § 13-6-1, had the legal capacity to seek relief in the Family Court. We conclude

---

[2] It appears that plaintiff has likened what he has characterized as a "marriage record" to that of a criminal arrest or conviction record.

[3] Katherine has failed to file any memoranda in response to the present appeal.

- 2 -

that the Family Court had no authority to entertain any issue except whether plaintiff is in fact civilly dead.

Section 13-6-1, entitled "Life prisoners deemed civilly dead," provides:

> "Every person imprisoned in the adult correctional institutions for life shall, with respect to all rights of property, to the bond of matrimony and to all civil rights and relations of any nature whatsoever, be deemed to be dead in all respects, as if his or her natural death had taken place at the time of conviction. However, the bond of matrimony shall not be dissolved, nor shall the rights to property or other rights of the husband or wife of the imprisoned person be terminated or impaired, except on the entry of a lawfully obtained decree for divorce."

In *Gallop v. Adult Correctional Institutions*, 182 A.3d 1137 (R.I. 2018), this Court declared that the language of § 13-6-1 is "clear and unambiguous[,]" and that its plain and ordinary language dictates that "most commonly recognized civil rights" of an inmate are extinguished by operation of law once the inmate's conviction and life sentence become final. *Gallop*, 182 A.3d at 1141. In the case at bar, as in *Gallop*, it is clear that the language employed by the Legislature in § 13-6-1, taken in its natural sense, intends to mandate "that persons serving a life sentence are prohibited from asserting civil actions." *Id.* at 1143. Frankly, we are hard-pressed to discern under what authority the parties were married in the first place. Nonetheless, plaintiff had no legal right to seek to have the record of his marriage sealed because he is deemed by statute to be "civilly dead." Moreover, the appeal from the Family Court also is not properly before us, because plaintiff is civilly dead and therefore he has no right to litigate this issue in the Supreme Court.

Accordingly, we affirm the Family Court's ruling. *See John Marandola Plumbing & Heating Company v. Delta Mechanical, Inc.*, 769 A.2d 1272, 1275 (R.I. 2001) (explaining that this Court has the "prerogative to affirm a determination of a trial justice on grounds different from those enunciated in his or her decision") (quoting *Ogden v. Rath*, 755 A.2d 795, 798 (R.I. 2000)).

For the foregoing reasons, we affirm the order of the Family Court. The papers may be remanded to the Family Court.

Entered as an Order of this Court this 26th day of **March, 2019**.

By Order,

_____/s/_____

Clerk

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Cody-Allen Zab v. Katherine Zab. | |
| **Case Number** | No. 2017-336-Appeal. (P 13-1396) | |
| **Date Order Filed** | March 26, 2019 | |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. | |
| **Source of Appeal** | Providence County Family Court | |
| **Judicial Officer From Lower Court** | Associate Justice John E. McCann, III | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Cody Allen-Zab, Pro Se | |
| | For Defendant:<br><br>Katherine Zab, Pro Se | |