June 22, 2023

**Supreme Court**

No. 2021-318-Appeal.
(PC 15-5627)

Newport and New Road, LLC     :

v.                :

Steven D. Hazard, in his capacity as the  :
Tax Assessor, City of East Providence,
Rhode Island.

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Newport and New Road, LLC          :

v.                    :

Steven D. Hazard, in his capacity as the  :
Tax Assessor, City of East Providence,
Rhode Island.


Present: Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

**O P I N I O N**

**Justice Long, for the Court.** The petitioner, Newport and New Road, LLC,[1] (petitioner), appeals from a Superior Court decision granting summary judgment in favor of the respondent, Steven D. Hazard,[2] in his capacity as the tax assessor for the City of East Providence (respondent). The petitioner argues that the Superior Court justice erred in determining that the three-month statute of limitations contained in G.L. 1956 §§ 44-5-26 and 44-5-27 barred its challenge to the respondent's assessment of property taxes.

---

[1] The parties to this action, and the trial justice below, listed The Butler Children Trust 1992 as a party based on its status as a named party in other Superior Court cases regarding tax assessments of the subject property in this matter. However, Newport and New Road, LLC is the only petitioner listed in this action.

[2] Sarah Frew replaced Steven D. Hazard as the tax assessor for the City of East Providence during the pendency of this case.

This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that we may decide this appeal without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

**Facts and Procedural History**

The relevant facts in this matter are undisputed. On December 28, 2015, petitioner filed a two-count petition in Superior Court pursuant to § 44-5-26(c), alleging that respondent conducted an illegal property-tax assessment for tax year 2012 and an excessive tax assessment for tax year 2013. The petitioner's claims of tax assessment arise out of property it previously owned located in East Providence, Rhode Island, designated as Parcel 002, Block 08, Map 401 on the tax assessor's record for the City of East Providence (the property or subject property).

For tax year 2012, respondent assessed $46,838.89 in taxes against the subject property based on a full and fair cash value of $2,041,800. The petitioner argued that this taxable amount constituted an illegal assessment. In tax year 2013, respondent assessed $53,544.44 in taxes against the subject property based on a full and fair cash value of $2,123,500. The petitioner contested respondent's 2013

determination because it exceeded the 2012 assessment, allegedly constituting an excessive assessment.

The respondent filed a motion for summary judgment on grounds that petitioner's claims fell outside the applicable statute of limitations. In a written decision dated July 8, 2021, a justice of the Superior Court concluded that petitioner's challenge under § 44-5-26(c) was subject to the three-month statute of limitations contained in §§ 44-5-26 and 44-5-27. The trial justice rejected petitioner's argument that § 44-5-26(c) creates a separate track—distinct from § 44-5-26(a) and § 44-5-27—for appealing a municipal tax assessment.

Following the trial justice's decision and entry of judgment, petitioner filed a timely notice of appeal to this Court. We consider whether petitioner's challenges to the 2012 and 2013 tax assessments, filed on December 28, 2015, pursuant to § 45-5-26(c), were timely filed.

**Standard of Review**

This Court reviews a trial justice's decision to grant summary judgment *de novo*. *Borgo v. Narragansett Electric Company*, 275 A.3d 567, 571 (R.I. 2022). Additionally, a determination regarding the expiration of a statute of limitations is a question of law. *See Anton v. Houze*, 277 A.3d 695, 703 (R.I. 2022). Finally, this Court reviews issues of statutory interpretation *de novo*. *Waterman v. Caprio*, 983 A.2d 841, 844 (R.I. 2009).

- 3 -

**Discussion**

The petitioner asserts that the ten-year statute of limitations generally applicable to civil actions governs its tax assessment challenges brought pursuant to § 44-5-26(c).[3] The petitioner notes that § 44-5-26(c) does not contain an explicit reference to the three-month statute of limitations and contends that this silence requires us to apply the default ten-year statute of limitations; it maintains that the trial justice's contrary reading constitutes impermissible "judicial legislation." We disagree.

"It is well settled that when the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." *Waterman*, 983 A.2d at 844 (quoting *Iselin v. Retirement Board of Employees' Retirement System of Rhode Island*, 943 A.2d 1045, 1049 (R.I. 2008)). Nevertheless, this Court "must consider the entire statute as a whole; individual sections must be considered in the context of the entire statutory scheme, not as if each section were independent of all other sections." *Beagan v. Rhode Island Department of Labor and Training*, 253 A.3d 858, 861-62 (R.I. 2021) (quoting *Whittemore v. Thompson*, 139 A.3d 530, 540 (R.I. 2016)).

---

[3] General Laws 1956 § 9-1-13(a) provides the following: "[e]xcept as otherwise specially provided, all civil actions shall be commenced within ten (10) years next after the cause of action shall accrue, and not after."

Section 44-5-26, entitled "Petition in superior court for relief from assessment[,]" authorizes an aggrieved taxpayer to petition the Superior Court for relief from either a tax assessor's decision or a decision of a local tax board of review. *See generally* § 44-5-26. Section 44-5-26(a) outlines an administrative review process that includes a three-month deadline for filing a challenge with the local tax assessor:

> "Any person aggrieved on any ground whatsoever by any assessment of taxes against him or her in any city or town, * * *, may within ninety (90) days from the date the first tax payment is due, file an appeal in the local office of tax assessment[.] * * * The assessor has forty-five (45) days to review the appeal, render a decision and notify the taxpayer of the decision. The taxpayer, if still aggrieved, may appeal the decision of the tax assessor to the local tax board of review, or in the event that the assessor does not render a decision, the taxpayer may appeal to the local tax board of review at the expiration of the forty-five (45) day period. Appeals to the local tax board of review are to be filed not more than thirty (30) days after the assessor renders a decision and notifies the taxpayer, or if the assessor does not render a decision within forty-five (45) days of the filing of the appeal, not more than ninety (90) days after the expiration of the forty-five (45) day period. The local tax board of review shall, within ninety (90) days of the filing of the appeal, hear the appeal and render a decision within thirty (30) days of the date that the hearing was held. Provided, that a city or town may request and receive an extension from the director of the Rhode Island department of revenue."

Section 44-5-26(b) designates the form for applications for tax assessment appeals filed with the local tax assessor and reiterates the three-month filing deadline. *See*

§ 44-5-26(b). Section 44-5-26(c), the subprovision at issue on appeal, states the following:

> "Provided, that in case the person has not filed an account, or filed an appeal first within the local tax board of review, that person shall not have the benefit of the remedy provided in this section and in §§ 44-5-27 — 44-5-31, unless: (1) that person's real estate has been assessed at a value in excess of the value at which it was assessed on the last preceding assessment day, whether then owned by that person or not, and has been assessed, if assessment has been made at full and fair cash value, at a value in excess of its full and fair cash value, or, if assessment has purportedly been made at a uniform percentage of full and fair cash value, at a percentage in excess of the uniform percentage; or (2) the tax assessed is illegal in whole or in part; and that person's remedy is limited to a review of the assessment on the real estate or to relief with respect to the illegal tax, as the case may be."

Section 44-5-26(c) permits aggrieved taxpayers to seek the remedies described in § 44-5-26 and §§ 44-5-17 through 44-5-31 so long as they can demonstrate that their challenge falls under one of two enumerated exceptions: (1) that the challenged tax assessment is excessive, or (2) that the challenged tax assessment is illegal. *See* § 44-5-26(c). Notably, § 44-5-26(c) begins with the phrase "provided that" which unambiguously demonstrates its direct relation to the preceding sections, including the filing deadlines, contained in § 44-5-26(a). *Id*. Section 44-5-26(c) plainly serves as a proviso to § 44-5-26(a), and to read it otherwise would ignore the requirement that we interpret statutes in their entirety, as opposed to reading each provision in isolation. *See Beagan*, 253 A.3d at 861-62.

- 6 -

Moreover, as both parties correctly acknowledge, statutory interpretation requires this Court "to determine and effectuate the Legislature's intent and to attribute to the enactment the meaning most consistent with its policies or obvious purposes." *Tiernan v. Magaziner*, 270 A.3d 25, 30 (R.I. 2022) (quoting *Such v. State*, 950 A.2d 1150, 1155-56 (R.I. 2008)).  This Court has previously acknowledged that the three-month statute of limitations period in the municipal tax assessment context reflects a concern from both the legislature and municipalities for the resolution of tax assessment disputes "as expeditiously as possible * * *." *Northgate Associates v. Shorey*, 541 A.2d 1192, 1193 (R.I. 1988). This is because real property taxation provides significant revenue to municipalities and thus creates a need for finality in assessment disputes. *See id.*

Nevertheless, petitioner emphasizes the absence of a three-month statute of limitations in § 44-5-26(c), as contrasted with §§ 44-5-26(a), (b), and 44-5-27, which provides an avenue for taxpayers to invoke the equity jurisdiction of the Superior Court by filing a complaint within an explicit three-month statute of limitations.[4] *See*

---

[4] Section 44-5-27 states that:

> "The remedy provided in § 44-5-26 is exclusive if the taxpayer owned or possessed any ratable estate at all, except that, in a proper case, the taxpayer may invoke the equity jurisdiction of the superior court; provided, that the complaint is filed within three (3) months after the last day appointed for the payment, without penalty, of the tax, or the first installment of the tax, if it is payable in

- 7 -

§ 44-5-27; *see also Lehigh Cement Co. v. Quinn*, 173 A.3d 1272, 1278 (R.I. 2017) ("The ability of a taxpayer to file a suit in equity directly in the Superior Court, however, is sharply circumscribed by a brief limitations period."). The petitioner urges this Court to interpret the absence of an explicit limitations period in § 44-5-26(c) as reflecting the General Assembly's intent to provide a third, independent avenue for relief that extends the limitations period to ten years.

We will not construe a statute to reach an absurd result. *See Shepard v. Harleysville Worcester Insurance Co., Inc.*, 944 A.2d 167, 170 (R.I. 2008). We therefore refuse to interpret the absence of an explicit limitations period in § 44-5-26(c) as authorizing the application of the default ten-year statute of limitations. Doing so would depart from an otherwise consistent statutory framework and frustrate the General Assembly's overall objective for a brief and final tax assessment appeal process. *See Lang v. Municipal Employees' Retirement System of Rhode Island*, 222 A.3d 912, 916 (R.I. 2019) (emphasizing the propriety of "look[ing] to the sense and meaning fairly deducible from the context" of a statute and avoiding an interpretation that "would defeat the underlying purpose of the enactment") (quoting *O'Connell v. Walmsley*, 156 A.3d 422, 426, 428 (R.I. 2017)).

---

installments. A taxpayer alleging an illegal or void tax assessment against him or her is confined to the remedies provided by § 44-5-26, except that the taxpayer is not required to file an appeal with the local assessor."

We therefore decline to interpret the tax assessment appeals process as providing a taxpayer with ten years to contest an assessment in one instance, but three months to assert a challenge in others.

Finally, we wish to address petitioner's argument that we should apply the ten-year statute of limitations based on our canon that taxing statutes must be strictly construed against the taxing authority. It is true that, when reviewing these taxation statutes, we resolve all doubts in favor of the taxpayer. *Balmuth v. Dolce for Town of Portsmouth*, 182 A.3d 576, 586 (R.I. 2018). However, although we acknowledge petitioner's attempt to invoke this canon, our reading of § 44-5-26 leaves us with no doubts to resolve in petitioner's favor. Further, we decline to apply this canon when the practical effect of doing so would frustrate a settled area of law. Our prior caselaw discussing the taxing statutes at issue here has, in no uncertain terms, closely adhered to the existing statutory framework. *See Bluedog Capital Partners, LLC v. Murphy*, 206 A.3d 694, 700 (R.I. 2019) ("Therefore, any action challenging the assessment of taxes, for any reason, that does not follow the normal procedures set forth under § 44-5-26, *must* be brought pursuant to § 44-5-27.").

Examination of the entire statutory framework and the unambiguous language of § 44-5-26(c) leads this Court to conclude that the General Assembly intended for the three-month statute of limitations to apply to petitions for relief filed under this provision. We hold that petitioner's challenges to the illegality and excessiveness

of the 2012 and 2013 tax assessments pursuant to § 44-5-26(c) were untimely filed on December 28, 2015, well after the three-month statute of limitations expired. Therefore, we affirm the Superior Court's decision.

## Conclusion

Based on the foregoing, we affirm the judgment of the Superior Court and remand the record in this case.

**STATE OF RHODE ISLAND**

**SUPREME COURT – CLERK'S OFFICE**
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903



## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Newport and New Road, LLC v. Steven D. Hazard, in his capacity as the Tax Assessor, City of East Providence, Rhode Island. |
| **Case Number** | No. 2021-318-Appeal. (PC 15-5627) |
| **Date Opinion Filed** | June 22, 2023 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Melissa A. Long |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Richard A. Licht |
| **Attorney(s) on Appeal** | For Petitioner: Robert D. Wieck, Esq. |
| | For Respondent: Michael J. Marcello, Esq. |