**Richard F. DIETZ**

v.

**R.I. BOARD OF PROFESSIONAL LAND SURVEYORS.**

No. 2000–22–Appeal.

Supreme Court of Rhode Island.

April 2, 2001.

Richard R. Dietz, pro se.

Girard R. Visconti, David M. Campbell, Providence.

### ORDER

This case came before the Supreme Court for oral argument on March 12, 2001, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. Richard F. Dietz (plaintiff) appealed *pro se* from a Superior Court judgment dismissing his petition for a review of the refusal by the Rhode Island

State Board of Registration of Professional Land Surveyors (the board) to renew his professional registration as a land surveyor. After reviewing the memoranda submitted by the parties and after hearing arguments of the plaintiff and counsel for the board, we are of the opinion that the appeal is untimely, that the proper procedure to obtain review in this case is by petitioning for issuance of a writ of certiorari, and that cause has not been shown. Therefore, the case will be summarily decided at this time.

The facts in this case are essentially undisputed. On July 6, 1994, the board informed its members that "effective July 1, 1994, for the registration year July 1, 1994 through June 30, 1995, an administrative fee to cover costs will be imposed in addition to the registration fee set forth by statute." *See* G.L.1956 § 5–8.1–11, "Board of registration for professional land surveyors—Fees—Payment and disposition." Registrants were requested to pay the $75 fee by August 1, 1994, or risk "suspension of [their] license until such time as the fees [were] paid." The plaintiff, a professional engineer and land surveyor, had been licensed in Rhode Island since 1973. At the time this administrative fee was imposed, plaintiff had already paid the regular fee at the biennial renewal of his license in June 1993 for the registration period through June 1995.

The board contacted plaintiff by letter dated November 23, 1994, informing him that he was required to "pay these fees immediately or suffer possible suspension of [his] registration." In a response letter dated December 15, 1994, plaintiff protested the assessment of an administrative fee midway through his paid registration period, stating that he would probably not have renewed his registration had he known that he "would be liable, as a condition of registration, to some unknown future assessment." Subsequently, the board extended the period in which the administrative fee could be paid until June 30, 1995. The plaintiff's registration was due to expire on that date, and the board sent a registration renewal application to plaintiff for the 1995/1996 registration period. The plaintiff returned the form with both the required registration fee and the administrative fee, paid by separate checks with the notation "Paid under Protest" written on the latter.

The plaintiff did not receive his renewed license. Instead, after repeated inquiries to the board, in November 1995 he was informed by telephone that his license would not be renewed because he had not paid the 1994/1995 administrative fee. On July 18, 1996, after numerous unsuccessful requests to the board for his renewed registration or, alternatively, a formal explanation for the board's refusal to renew his registration or for a hearing, plaintiff filed a complaint in Superior Court pursuant to G.L.1956 § 5–8.1–16, seeking judicial review of the board's action.

The board filed a motion for dismissal of the case that was denied by a motion justice on May 13, 1999. On July 7, 1999, plaintiff filed a motion for leave to file a writ of mandamus, requesting the board's " 'certified record' of its actions relevant to Petitioner's appeal." Following hearings in August 16, 1999, and September 28, 1999, a different Superior Court justice entered a judgment for defendant, denied plaintiff's motion for the issuance of a writ of mandamus, and dismissed plaintiff's petition for review of the board's action "with prejudice" for lack of standing. The final judgment was entered on October 18, 1999. The plaintiff filed a motion for rehearing on October 25, 1999, that was denied after a hearing on November 8, 1999. A final order of the dismissal was entered November 9, 1999, and on November 23, 1999, plaintiff filed the instant appeal.

It is well established that this Court's consideration of a final judgment by the Superior Court rendered during a review of a state administrative agency's decision is confined to a review by a writ of certiorari of any questions of law involved. *Barrington School Committee v. Rhode Island State Labor Relations Bd.*, 608 A.2d 1126, 1138 (R.I.1992). *See also Notre Dame Cemetery v. Rhode Island State Labor Relations Bd.*, 118 R.I. 336, 338, 373 A.2d 1194, 1195 (1977) (per curiam) (holding that when review of the affirmance of an administrative action was solely available by petition for certiorari, appeal was unavailable and therefore fatally defective). Moreover, Rhode Island General Laws 1956 § 42–35–16 provides in pertinent part:

> "Any party in interest, if aggrieved by a final judgment of the superior, family, or district court rendered in proceedings brought under § 42–35–15, may, within twenty (20) days from the date of entry of the judgment, petition the supreme court of the state of Rhode Island for a writ of certiorari to review any questions of law involved."

Hence, this Court is vested "with discretionary power in the issuance of a writ of certiorari" and we will not reach the merits of a case when a party has "failed to comply with a basic statutory procedure controlling the procurement of a review of disputed decisions." *Portsmouth Education Association v. Rhode Island State Labor Relations Board*, 108 R.I. 342, 343, 275 A.2d 280, 281 (1971) (per curiam).[1] Therefore, plaintiff's failure to file a timely petition for issuance of a writ of certiorari—the only method by which review in this Court could be obtained—precludes our reaching the merits of his case.

Consequently, we deny and dismiss the appeal on procedural grounds. We affirm the judgment of the Superior Court, to which the papers in the case may be returned, without prejudice to the plaintiff's exhausting his procedural remedies, such as a hearing before the board.

---

1. Even if an appeal were proper procedurally, in this case, the appeal was not timely. The dismissal was entered on October 18, 1999, and plaintiff had twenty days from that date to file his notice of appeal. *See* Supreme Court Rule 4(a) ("In a civil case the notice of appeal * * * shall be filed with the clerk of the trial court within twenty (20) days of the date of the entry of the judgment, order, or decree appealed from.") However, plaintiff failed to do so until November 23, 1999, and as a result, this appeal from the dismissal would have been barred because it was untimely. Although plaintiff filed a post-judgment motion for a rehearing, this motion did not afford him additional time to file an appeal. Rule 4(a).