Thomas PIZZI

v.

RHODE ISLAND STATE LABOR RE-LATIONS BOARD and Rhode Island Resource Recovery Corporation.

No. 2003–269–Appeal.

Supreme Court of Rhode Island.

April 13, 2004.

Gregory Acciardo.

Vincent F. Ragosta, Providence.

**ORDER**

This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised on appeal should not summarily be decided. The plaintiff, Thomas Pizzi (Pizzi or plaintiff), appeals from the dismissal of his administrative appeal to the Superior Court. No cause having been shown, we proceed to decide the appeal at this time.

The essential facts of this case are not in dispute. The plaintiff was an employee of Rhode Island Resource Recovery Corporation (RIRRC), a public corporation of the State of Rhode Island charged with providing solid waste management services to municipalities and the state in general. G.L.1956 § 23–19–4(b). On December 1, 1999, a supervisor at RIRRC warned Pizzi that the gravel he was sending for use as ground cover at the central landfill was unsuitable because it contained too many large rocks. In response, plaintiff sent along a boulder with the words "Cry Baby David" spray painted on it, apparently referring to the assistant foreman who had complained about the fill. A few days later, plaintiff allegedly sent a second boulder to the landfill, however this prank damaged the steel bed of a private hauler's

truck, and RIRRC reimbursed the hauler for the damage. Although plaintiff denied having sent along that boulder, RIRRC terminated his employment on December 6, 1999.

Subsequently, Pizzi applied for employment security benefits. The Board of Review for the Department of Labor and Training issued a decision affirming the findings of a referee that RIRRC had failed to demonstrate that plaintiff had been terminated for cause. On March 30, 2000, plaintiff filed a complaint with the Rhode Island State Labor Relations Board (RISLRB) claiming that RIRRC had committed an unfair labor practice by retaliating against him for attempting to unionize the RIRRC labor force. On December 11, 2001, RISLRB issued and mailed a Decision and Order (the Decision) dismissing the complaint and finding that plaintiff had not been terminated for his previous labor activities but instead had been terminated due to his own misconduct.

On January 11, 2002, thirty-one days after the issuance of the Decision, plaintiff sought judicial review of the RISLRB decision in the Superior Court. The RISLRB moved to dismiss plaintiff's administrative appeal claiming that it was not filed within thirty days as required by G.L.1956 §§ 42–35–15(b) and 28–7–9(b)(5). Pizzi argued that because the Decision had been "served upon [him] by mail" in accordance with Rule 6(d) of the Rhode Island Rules of Civil Procedure, an additional day "to the prescribed period" was added to the time to file his appeal.[1] On March 8, 2002, after oral argument, the hearing justice denied RISLRB's motion to dismiss, holding that Rule 6 applied and finding

that Pizzi's appeal had been filed within the expanded timeframe. The administrative appeal was then submitted to another hearing justice for a determination on the merits.

On March 12, 2003, the second hearing justice issued a written decision and held that the Superior Court lacked jurisdiction over the administrative appeal because it had not been filed within the thirty days required by § 42–35–15(b). The Superior Court entered judgment on April 7, 2003. On April 15, 2003, Pizzi filed a Notice of Appeal seeking review by this Court.

This case is not properly before the Supreme Court. In accordance with G.L. 1956 § 42–35–16, a party seeking Supreme Court review of a Superior Court judgment in an administrative appeal must file a petition for a writ of certiorari. *Dietz v. Rhode Island Bd. of Professional Land Surveyors*, 769 A.2d 619, 621 (R.I.2001) (mem.); *Barrington School Committee v. Rhode Island State Labor Relations Board*, 608 A.2d 1126, 1138 (R.I.1992). "[T]his Court is vested 'with discretionary power in the issuance of a writ of certiorari' and we will not reach the merits of a case when a party has 'failed to comply with a basic statutory procedure controlling the procurement of a review of disputed decisions.'" *Dietz*, 769 A.2d at 621 (quoting *Portsmouth Education Association v. Rhode Island State Labor Relations Board*, 108 R.I. 342, 343, 275 A.2d 280, 281 (1971) (per curiam)).

Nevertheless, we note in passing that even if this case were properly before this Court, Rule 6 of the Superior Court Rules of Civil Procedure is of no assistance to Pizzi. Rule 80 of the Superior Court

---

1. Rule 6(d) of the Superior Court Rules of Civil Procedure, titled "Additional Time After Service by Mail," provides: "Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party, and the notice or paper is served upon the party by mail, 1 day shall be added to the prescribed period."

Rules of Civil Procedure explicitly provides that, with respect to Superior Court claims seeking review of agency decisions, "[t]he time within which review may be sought shall be provided by *law*." (Emphasis added.) In this circumstance, the governing law is G.L.1956 § 42–35–15(b), which provides that an appeal from an administrative agency decision to the Superior Court must be perfected within thirty days.

Consequently, we deny and dismiss the appeal on procedural grounds, and remand the papers of the case to the Superior Court.

