**Supreme Court**

No. 2011-166-M.P.
(PC 08-4409)

Lillian Rivera : 

v. :

Employees' Retirement System of :
    Rhode Island.

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

|  |  |
|---|---|
| Lillian Rivera | : |
| v. | : |
| Employees' Retirement System of Rhode Island. | : |

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Robinson, for the Court.** The petitioner, Lillian Rivera, appeals from a decision of the Superior Court in favor of the respondent, the Employees' Retirement System of Rhode Island (ERSRI) (retirement board or board), upholding that agency's May 14, 2008 decision denying the petitioner's application for accidental disability benefits. A justice of the Superior Court affirmed the retirement board's decision on the basis of his conclusion that the Superior Court "lack[ed] jurisdiction over the instant case"; he based that conclusion as to the lack of "jurisdiction" on the fact that the petitioner had failed to timely file her appeal with the Superior Court. In addition, the trial justice ruled that the facts of the instant case would not justify equitable tolling of the deadline for filing an appeal. The petitioner disagreed with both rulings and petitioned this Court for a writ of certiorari.

That petition for certiorari having been granted, this case came before the Court for oral argument pursuant to an order directing the parties to appear and to show cause why the issues raised in this appeal should not be summarily decided. After reviewing the record, studying the

- 1 -

memoranda submitted on behalf of the parties, and considering the arguments of counsel, we are satisfied that cause has not been shown. Accordingly, we shall decide the case at this time without further briefing or argument. For the reasons set forth in this opinion, we quash the judgment of the Superior Court.

## I

## Facts and Travel

## A

### The Application for Benefits and the Initial Denial

On September 17, 2007, Lillian Rivera, a sergeant with the Cranston Police Department, applied for accidental disability benefits; she indicated that diagnoses of "post traumatic stress disorder" and "anxiety disorder" constituted the medical reasons on the basis of which she was seeking such disability benefits.

On January 9, 2008, the retirement board voted to deny Ms. Rivera's application for accidental disability benefits.[1] In a letter dated January 18, 2008 and captioned "Notice of Denial," the retirement board's Assistant Director of Member Services memorialized the January 9 vote and wrote that the board's decision "was based on the recommendation of its Disability Sub-Committee"; the assistant director further stated that the Disability Sub-Committee (sub-committee) had been unable to "conclude that [Ms. Rivera was] physically incapacitated from [her] job as the result of an injury sustained in the performance of [her] job." The letter also

---

[1] General Laws 1956 chapter 8 of title 36, provides the statutory framework for the retirement system and the retirement board. Section 36-8-3 vests in the retirement board the power to oversee the retirement system and to establish rules and regulations controlling same; it should be noted that the procedural niceties as to how accidental disability applications are to be processed are not explicitly addressed in the General Laws.

stated that the sub-committee had found "that [Ms. Rivera's] injury is not physically or mentally incapacitating for further service sustained while performing [her] duty."

The January 18 "Notice of Denial" letter also made reference to Ms. Rivera's right to take an appeal from the decision of the retirement board; the letter read, in pertinent part, as follows:

> "You have the right to appeal this decision to the Retirement Board. If you choose to appeal, the appeal must be in writing and state the reasons for the appeal. Your appeal should be directed to my attention at the address shown below, and received within 30 days of the receipt of this letter."

**B**

**Appeal to the Retirement Board**

Ms. Rivera did in fact appeal the January 9, 2008 decision to the retirement board, and her appeal proceeded to a hearing on March 7 of that year before the sub-committee.[2] By letter dated April 16, 2008, the director's assistant notified Ms. Rivera's attorney that, on March 12, the retirement board, based on the recommendation and decision of its sub-committee, had again voted to deny Ms. Rivera's application for an accidental disability pension; the letter further stated that the matter would be presented to the full retirement board for a final determination on May 14, 2008.

At the conclusion of the May 14, 2008 hearing before the full retirement board, the board voted unanimously to uphold the sub-committee's decision to deny Ms. Rivera an accidental disability pension. After the vote relative to Ms. Rivera's application had been taken and as the proceedings were coming to an end, the chairman of the board made the following statement on the record to Ms. Rivera and her attorney:

---

[2]    It appears to us that the initial denial of the application was not made after a hearing had been held—whereas a hearing was conducted before the second notice of denial was issued.

- 3 -

> "Counsel and Ms. Rivera, you will get official notification from the System informing you of the vote that just took place. Should you not agree with this decision of the Retirement Board, you may seek judicial review by filing a complaint with the Rhode Island Superior Court <u>within 30 days of receipt</u> of that notice. Thank you for your time this morning." (Emphasis added.)

In a letter dated May 19, 2008, with a caption indicating that the letter had been "sent via certified mail," the executive director of ERSRI sent a letter to Ms. Rivera regarding the "Notice of Denial"; he also sent a copy of that letter to her counsel.[3] Notably, the May 19, 2008 letter read, in pertinent part, as follows:

> "Please be advised that the decision of the board constitutes a final decision of ERSRI. The attached notice provides information regarding your Right of Judicial Review. Please note that this letter has been mailed to you Certified Mail, and we will begin the thirty-day requirement <u>from the date the U.S. Post Office indicates the letter was received by you</u>." (Emphasis added.)

The informational notice that accompanied the May 19, 2008 letter to Ms. Rivera and her attorney was entitled "NOTICE OF RIGHT OF JUDICIAL REVIEW"; it contained three bulleted points, one of which read as follows:

> "Pursuant to Rhode Island General Laws §[]42-35-1 you have thirty (30) days <u>from the date of the mailing</u> of this decision to file an appeal." (Emphasis added.)

The postmark on the May 19, 2008 notice of denial letter reads "May 21, 2008."[4]

According to an affidavit submitted by Ms. Rivera to the Superior Court, on May 29, 2008, she:

---

[3]    Although the surname of petitioner's attorney is slightly misspelled in the May 19, 2008 letter, there is no dispute as to who that attorney actually was; nor is there a dispute as to the fact that a copy of the letter was sent to the attorney at her office address.

[4]    Ms. Rivera has contended that the letter's postmark actually reads May 22, 2008. However, as we explain <u>infra</u>, the exact date on which the letter was postmarked is immaterial to our resolution of this case.

- 4 -

(1) received a notice from the post office indicating that a certified letter had arrived for her; and (2) retrieved the letter on that same day.

## C

### Superior Court Proceedings and Decision

Ms. Rivera filed her appeal from the final decision of ERSRI in the Superior Court on June 27, 2008. The record of the retirement board proceedings was transmitted to the Superior Court, and both parties submitted memoranda in support of their respective arguments concerning the denial of accidental disability benefits. The first challenge to the timeliness of the filing of the appeal was raised by respondent in its first memorandum of law opposing the appeal.

On March 16, 2011, a trial justice of the Superior Court filed a written decision, in which he stated that "at first blush, [the Superior] Court lacks jurisdiction over this matter." As the basis for his statement concerning what he deemed to be the lack of jurisdiction, the trial justice pointed to the fact that petitioner had failed to file an appeal to the court within the time frame set forth in G.L. 1956 § 42-35-15(b).[5] The trial justice expressed his view that the failure to abide by the statutorily-established thirty-day time frame acted as a "jurisdictional bar to relief," which he said could not "be altered or expanded" by the court. The trial justice "nevertheless" addressed Ms. Rivera's contention that the language of § 42-35-15(b) was ambiguous, and he

---

[5] General Laws 1956 § 42-35-15(b) provides, in pertinent part, as follows:

> "Proceedings for review are instituted by filing a complaint in the superior court * * * within thirty (30) days after _mailing notice_ of the final decision of the agency or, if a rehearing is requested, within thirty (30) days after the decision thereon * * *." (Emphasis added.)

ruled that the statutory language is unambiguous and "requires the filing of an agency appeal in superior court thirty days from the mailing of the notice."

The trial justice next addressed Ms. Rivera's contention that the doctrine of equitable tolling should be deemed applicable and should result in allowing her appeal to proceed. The trial justice stated that, although equitable tolling "<u>could</u> apply" (emphasis in original) to this "type of case," it was nonetheless his conclusion that "the equities militate toward * * * declining to apply equitable tolling"; the trial justice's predicate for so concluding was his view that the reliance on the agency's erroneous statements was unreasonable because Ms. Rivera's attorney should have been aware of the correct deadline. An order entered upholding ERSRI's denial of petitioner's application in accordance with the court's written decision (as amended[6]), and judgment entered in favor of respondent and against petitioner on April 28, 2011.

Thereafter, Ms. Rivera filed a petition for a writ of certiorari, which writ this Court granted on September 15, 2011. Such other facts as are pertinent to the appeal will be included in the "Analysis" section of this opinion as necessary.

---

[6]    The petitioner had moved for reconsideration of the trial justice's decision. The respondent objected, but the trial justice granted the motion to reconsider. An amended decision was filed on April 27, 2011, omitting a paragraph entitled "The Merits" from page 16 of the original written decision.

**Standards of Review**

The Rhode Island Administrative Procedures Act (APA), G.L. 1956 chapter 35 of title 42, controls the Superior Court's review of an administrative appeal.[7] This Court's review of a Superior Court's judgment in an administrative appeal is "restricted to questions of law, which we review de novo." Auto Body Association of Rhode Island v. State of Rhode Island Department of Business Regulation, 996 A.2d 91, 95 (R.I. 2010) (internal quotation marks omitted).

In this case, however, the trial justice did not reach the merits of Ms. Rivera's appeal. Instead, after first ruling that an agency appeal should be filed within "thirty days from the

---

[7] Section 42-35-15(g) of the Rhode Island Administrative Procedures Act reads as follows:

"[The Superior Court] shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

"(1) In violation of constitutional or statutory provisions;

"(2) In excess of the statutory authority of the agency;

"(3) Made upon unlawful procedure;

"(4) Affected by other error or law;

"(5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or

"(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."

mailing of the notice," he examined the facts of the instant case through the lens of the doctrine of equitable tolling and then declined to find equitable tolling available because of what he deemed to have been unreasonable reliance on the agency's statements. Although we have never expressly indicated what should be the standard of review in the equitable tolling context, we shall follow the practice of other courts and review under an abuse of discretion standard a trial justice's decision as to whether or not to allow equitable tolling to extend a statutory appeals deadline. See, e.g., Holmes v. Spencer, 685 F.3d 51, 62 (1st Cir. 2012) ("We review the district court's decision to deny equitable tolling for abuse of discretion."); United States v. Gabaldon, 522 F.3d 1121, 1124 (10th Cir. 2008); Zerilli-Edelglass v. New York City Transit Authority, 333 F.3d 74, 81 (2d Cir. 2003). And, since the reasonableness of reliance is often a factor to be considered in the equitable tolling context, we review findings as to such reasonableness (vel non) under the abuse of discretion standard. See generally DeMarco v. Travelers Insurance Co., 26 A.3d 585, 614 (R.I. 2011); Grady v. Narragansett Electric Co., 962 A.2d 34, 41 (R.I. 2009); Raso v. Wall, 884 A.2d 391, 396 (R.I. 2005) (discussing the equitable doctrine of laches and noting how the reasonableness of delay is a "question[] of fact" left to the discretion of the fact-finder).

### III

### Analysis

### A

### Petitioner's Statutory Contention

The petitioner first argues that § 42-35-15(b), which sets forth the time within which an appeal from an agency decision must be filed, is ambiguous; she bases her ambiguity argument on her contention that the phrase "mailing notice" can be interpreted in many ways, some of

which interpretations she contends would lead to an absurd or unjust result. Instead, petitioner urges this Court to interpret the phrase "mailing notice" contained within the statute in such a way as to avoid what she characterizes as "absurd" or "unjust" results.

This Court has long adhered to the principle that, "when the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." See Planned Environments Management Corp. v. Robert, 966 A.2d 117, 121 (R.I. 2009) (internal quotation marks omitted). If the statute is unambiguous, "there is no room for statutory construction and we must apply the statute as written." Id. at 122 (internal quotation marks omitted). Additionally, we have noted that "[w]here there is no ambiguity, we are not privileged to legislate, by inclusion, words which are not found in the statute." Wayne Distributing Co. v. Rhode Island Commission for Human Rights, 673 A.2d 457, 460 (R.I. 1996).

In view of the fact that this appeal concerns a question of statutory interpretation that this Court has not directly addressed, we take this opportunity to rectify language in our prior case law regarding § 42-35-15(b). We have previously stated that § 42-35-15(b) allows a party to seek review of the administrative decision "within thirty days after receiving notice." See Bayview Towing, Inc. v. Stevenson, 676 A.2d 325, 328 (R.I. 1996) (emphasis added). The United States Court of Appeals for the First Circuit has also relied on that just-quoted language in the Bayview Towing opinion as a statement of the law in this state. See Providence School Department v. Ana C., 108 F.3d 1, 2 (1st Cir. 1997). By contrast, other opinions and orders issued by this Court have indicated that compliance with § 42-35-15(b) "requir[es] appeals to be brought within thirty days of the [agency's] decision." See Great American Nursing Centers, Inc. v. Norberg, 439 A.2d 249, 253 (R.I. 1981); see also Pizzi v. Rhode Island State Labor

Relations Board, 857 A.2d 762, 763 (R.I. 2004) (mem.) (noting that the appeal was sought thirty-one days after the decision was "issued and mailed"); Considine v. Rhode Island Department of Transportation, 564 A.2d 1343, 1344 (R.I. 1989) (noting that the appeal should have been filed "within thirty days of the order issued").

Although this Court has never explicitly addressed the issue of whether or not the term "mailing notice" is ambiguous, we presently have occasion to hold (as did the trial justice) that § 42-35-15(b) is not ambiguous; that statutory provision is simply not reasonably susceptible to more than one interpretation. In so holding, we decline to adopt petitioner's suggestion that the statute means that the time within which one may seek judicial review begins to run on the date of receipt of the notice; the plain language of the statute simply does not permit such an understanding. We also, by necessary implication, abrogate this Court's singular statement in Bayview Towing to the effect that the judicial review period begins to run from the date of receipt of the notice. In our opinion, § 42-35-15(b) is unambiguous, and we hold that the thirty-day period for filing a complaint in the Superior Court begins to run the day after the notice is mailed.

For the purpose of ascertaining what was the date of "mailing notice" in any given case, we would consider a postmark to be conclusive (albeit not exclusive) evidence of the date of mailing.[8] Having filed her complaint on June 27, 2008, however, under any calculation of time from the dates suggested as being the date of the mailing of notice—whether May 19, May 21, or May 22, 2008—Ms. Rivera failed to file her appeal of the agency's decision within the statutory period.

---

[8]     We would expect that the agency, which after all controls the mailing process, maintain records as to the date on which notices are mailed, given that such date serves as the time after which the judicial review period begins to run.

**B**

**Petitioner's Equitable Contention**

The second issue that petitioner presses on appeal is her contention that the trial justice erred in declining to apply the doctrine of equitable tolling to her appeal so that the case might be decided on the merits. By contrast, respondent contends that the statutory time period for appealing an administrative decision contained within the APA is jurisdictional in nature and that, therefore, it is not subject to equitable doctrines such as tolling. The trial justice also addressed in his written decision what he characterized as the "jurisdictional" nature of § 42-35-15(b). However, this Court has yet to explicitly address the nature of the thirty-day time period for seeking judicial review of administrative decisions contained within § 42-35-15(b).

The Superior Court derives its jurisdiction over administrative appeals from § 42-35-15.[9] Certainly, the Superior Court has <u>subject</u> <u>matter</u> <u>jurisdiction</u> over proper administrative appeals. <u>See</u> § 42-35-15(b); <u>see</u> <u>also</u> <u>Trainor v. Grieder</u>, 23 A.3d 1171, 1174 (R.I. 2011) (noting that, while the Superior Court "had subject matter jurisdiction" over the matter before the court, the question was whether or not it "<u>should have exercised that jurisdiction</u>"); <u>Pollard v. Acer Group</u>, 870 A.2d 429, 433 (R.I. 2005). The Superior Court unquestionably has the statutory authority (<u>i.e.</u>, jurisdiction) to hear administrative appeals. <u>See</u> G.L. 1956 § 8-2-17. The question in this

---

[9] The pertinent portion of § 42-35-15 provides as follows:

> "(a) Any person, including any small business, who has exhausted all administrative remedies available to him or her within the agency, and who is aggrieved by a final order in a contested case is entitled to judicial review under this chapter."

We would also note the pertinence of G.L. 1956 § 8-2-17, which provision reads as follows:

> "The superior court shall have jurisdiction of such appeals and statutory proceedings as may be provided by law * * *."

case, therefore, is whether the Superior Court, "having the power to adjudicate," should have allowed for equitable relief in view of the fact that the General Assembly has set forth explicit parameters for the timely filing of an agency appeal to that court. See Narragansett Electric Co. v. Saccoccio, 43 A.3d 40, 44 (R.I. 2012); see also § 42-35-15(b).

We have stated that "[s]tatutes prescribing the time and the procedure to be followed by a litigant attempting to secure appellate review are to be strictly construed." See Sousa v. Town of Coventry, 774 A.2d 812, 814 (R.I. 2001) (holding that the plaintiffs' challenge to the validity of an ordinance was time barred when the challenge was filed four months after the time period began to run, rather than within thirty days as required by statute); see also Seibert v. Clark, 619 A.2d 1108, 1111 (R.I. 1993); Potter v. Chettle, 574 A.2d 1232, 1234 (R.I. 1990).

However, we have never indicated that strict construction in this context is an impenetrable bar to venerable concepts of equity.[10] Indeed, we have explicitly noted that "whether a particular statute should be tolled in a given situation is the sort of issue with which courts frequently deal." Iselin v. Retirement Board of Employees' Retirement System of Rhode Island, 943 A.2d 1045, 1051 (R.I. 2008) (distinguishing between the ability of courts and the ability of administrative agencies to grapple with equitable tolling issues); see also Johnson v. Newport County Chapter for Retarded Citizens, Inc., 799 A.2d 289, 292 (R.I. 2002) (stating, in the course of deciding whether equitable tolling should be available for litigants suffering from mental incapacity, that "equitable tolling is an exception to the general statute of limitations based upon principles of equity and fairness").

---

[10] We are reminded of the following famous observation of then-Judge Cardozo: "Let the hardship be strong enough, and equity will find a way, though many a formula of inaction may seem to bar the path." Graf v. Hope Building Corp., 171 N.E. 884, 888 (N.Y. 1930).

Mindful that § 42-35-15(b), which sets forth the time period within which judicial review may be sought, differs from traditional statutes of limitations, we nonetheless are of the view that it is sufficiently analogous to such statutes to allow us to look to the equitable tolling principles that are from time to time invoked in the context of statutes of limitations. Our view in this regard is based upon our disinclination to accept the proposition that an appeal pursuant to § 42-35-15(b) that was filed out of time may <u>never</u> be subject to equitable tolling. Therefore, we hold that the Superior Court has the equitable authority to determine whether the statute providing for judicial review of an administrative decision pursuant to § 42-35-15(b) should be tolled in appropriate circumstances.

## C

### The Trial Justice's Equitable Tolling Analysis

We are in agreement with the trial justice that equitable tolling, rather than equitable estoppel, constituted the most appropriate equitable doctrine through the lens of which the instant case should have been analyzed. <u>See</u> Black's Law Dictionary 618 (9th ed. 2009) (defining "equitable tolling"); <u>see also id.</u> at 630 (defining "equitable estoppel"); <u>see generally</u> <u>McNulty v. City of Providence</u>, 994 A.2d 1221, 1225 (R.I. 2010); <u>Romano v. Retirement Board of the Employees' Retirement System of Rhode Island</u>, 767 A.2d 35, 38 (R.I. 2001); <u>Wolf v. S.H. Wintman Co.</u>, 92 R.I. 470, 473–74, 169 A.2d 903, 905 (1961).[11]

---

[11]    We are aware that there is a high degree of conceptual overlap between equitable tolling and equitable estoppel and that courts throughout the nation have sometimes applied the equitable estoppel doctrine where we would have viewed the equitable tolling doctrine as more appropriate. <u>See</u> <u>Kotec v. Japanese Educational Institute of New York</u>, 321 F. Supp. 2d 428, 432 (D. Conn. 2004) ("[T]here is among federal circuit courts considerable variation in usage of the terms 'equitable tolling' and 'equitable estoppel.'" (citing <u>Pearl v. City of Long Beach</u>, 296 F.3d 76, 81–82 (2d Cir. 2002))); <u>see also</u> <u>Irwin v. Department of Veterans Affairs</u>, 498 U.S. 89, 96 (1990); <u>Zerilli-Edelglass v. New York City Transit Authority</u>, 333 F.3d 74, 81 (2d Cir. 2003). If the two concepts are not siblings, they are at least first cousins.

It is undisputed that (1) Ms. Rivera's attorney received notice of the board's final decision and (2) contained within that notice of final decision was a document entitled "Right to Judicial Review," which document references the correct statute for determining the deadline to file for judicial review of the decision. Significantly, however, two explicit statements by the board (one on the record at the conclusion of the final full hearing and one contained within the notice of the final decision that was sent to petitioner and her attorney) provided incorrect information to the effect that the deadline for seeking judicial review was thirty days from the receipt of the notice of the final decision. It is noteworthy that Ms. Rivera's appeal was indeed filed within thirty days of her receipt of that notice of the final decision.

Undoubtedly it would have been the better practice for Ms. Rivera's attorney to have consulted the actual text of the APA in order to ascertain just when an appeal should be filed. However, the fact that the erroneous information about that issue was conveyed more than once by the agency makes it understandable to us why petitioner might assume that such official utterances must be correct. In addition to those statements by agency officials, we are keenly aware that this Court has expressly stated that the thirty-day period is triggered by the receipt of the final agency decision—a statement that has never been abrogated by this Court until today. See Bayview Towing, 676 A.2d at 328 (stating that § 42-35-15(b) allows a party to seek review of the administrative decision "within thirty days after receiving notice" (emphasis added)). It is also noteworthy that the United States Court of Appeals for the First Circuit has looked to the language of this Court in Bayview Towing as constituting a statement of the law in Rhode Island regarding the running of the judicial review period. See Providence School Department, 108 F.3d at 2.

- 14 -

After carefully considering the entire record in this case, we have concluded that we are unable to uphold the trial justice's finding of unreasonable reliance, which was the basis for his declining to apply equitable tolling. Our conclusion to that effect results from our taking into account the authoritative misstatements at the administrative agency level as well as this Court's holding in Bayview Towing and the United States Court of Appeals for the First Circuit's subsequent understandable reliance on that holding. It is our opinion, bearing in mind all of the circumstances before us, that it would not be consistent with what this Court has described as "principles of equity and fairness" to uphold the trial justice's conclusion as to what he perceived to be the unreasonableness of the reliance in this rather unusual case. See Johnson, 799 A.2d at 292. We therefore hold that there was an abuse of discretion in the trial court's declining to toll the deadline.

**IV**

**Conclusion**

For the reasons set forth in this opinion, we quash the judgment of the Superior Court. On remand, Ms. Rivera's appeal is to be considered as timely pursuant to the doctrine of equitable tolling; the Superior Court is directed to address the merits of her appeal. The record in this case is remanded to the Superior Court with our decision endorsed thereon.



# RHODE ISLAND SUPREME COURT CLERK'S OFFICE

## Clerk's Office Order/Opinion Cover Sheet

**TITLE OF CASE:**  Lillian Rivera v. Employees' Retirement System of Rhode Island.

**CASE NO:**  No. 2011-166-M.P.
(PC 08-4409)

**COURT:**  Supreme Court

**DATE OPINION FILED:**  April 8, 2013

**JUSTICES:**  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia JJ.

**WRITTEN BY:**  Associate Justice William P. Robinson III

**SOURCE OF APPEAL:**  Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Francis J. Darigan, Jr.

**ATTORNEYS ON APPEAL:**

For Petitioner:  Andrew H. Berg, Esq.

For Respondent:  Michael P. Robinson, Esq.