**Supreme Court**

No. 2011-358-M.P.
(PC 10-5950)
(PC 10-5899)


Karen McAninch et al.                    :

                    v.                    :

State of Rhode Island Department of Labor    :
        and Training et al.

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Tel. 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Karen McAninch et al.              :

v.                    :

State of Rhode Island Department of Labor    :
        and Training et al.

Present:  Suttell, C.J., Goldberg, Flaherty, and Indeglia, JJ.

**O P I N I O N**

**Justice Flaherty, for the Court.**  The plaintiff, Karen McAninch, business agent for United Service and Allied Workers of Rhode Island (USAW-RI), seeks review of a judgment of the Superior Court that dismissed her complaint for lack of jurisdiction.  The plaintiff had filed a complaint in the Superior Court under G.L. 1956 § 42-35-15 of the Administrative Procedures Act (APA), seeking judicial review of a decision of the State of Rhode Island Department of Labor and Training (DLT).  The plaintiff argues that the trial justice erred when she found that the plaintiff was tardy in filing her complaint after the statutory timeframe for doing so had expired.  This case came before the Supreme Court for oral argument on February 27, 2013, pursuant to an order directing the parties to appear and show cause why the issues raised in this matter should not summarily be decided.  After hearing the arguments and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown, and we proceed to decide the case at this time without further briefing or argument.  For the reasons set forth in this opinion, we vacate the judgment of the Superior Court.

- 1 -

# I

## Facts and Travel

The plaintiff is the business agent for a labor organization that represents former employees of the Providence Public Library (the library). On June 30, 2009, the final day of the library's fiscal year, the library terminated the employment of thirty-eight union and eight nonunion employees. On July 9, 2009, plaintiff filed a complaint with the DLT's Division of Labor Standards. The complaint alleged that the library had failed to pay the employees a total of $149,482.82 in vacation pay that the employees had accrued at the time of their termination. McAninch argued that, under USAW-RI's collective bargaining agreement (CBA), as well as the library's employee manual, the employees were entitled to the vacation time for the fiscal year that ended on June 30, 2009. The library, on the other hand, argued that the vacation pay did not accrue until July 1, 2009, and because the employees were terminated on the previous day, they were not entitled to the vacation pay.

On July 8, 2010, a hearing officer of the DLT conducted a hearing. In a written decision, he held that, under the CBA and employee handbook, the employees' vacation time accrued on July 1 of each fiscal year. Because the employees were not employed on that date, he concluded that they were not entitled to any vacation pay for the previous year. The DLT decision was mailed to the parties on September 9, 2010. The plaintiff then filed a complaint in the Superior Court on October 12, 2010, seeking judicial review of the DLT's decision.[1] The plaintiff

---

[1] The plaintiff contends that the complaint that was filed on October 12, 2010 was hand delivered to the clerk's office on that date, and an identical complaint also had been mailed to the clerk's office on October 8, but was not filed until October 13. As a result, two case files were opened by the clerk's office, but the files were later consolidated. However, for purposes of determining whether the complaint was timely filed, we will employ the October 12 date, because it is the earlier of the two filing dates.

requested that the court reverse that decision and order the library to remit the requested vacation pay to the affected employees.

On October 5, 2011, the trial justice issued a written decision in which she dismissed plaintiff's appeal "due to lack of jurisdiction," holding that the complaint had not been timely filed. The trial justice raised the jurisdictional issue <u>sua</u> <u>sponte</u>, holding that "[i]f an administrative appeal is untimely filed, the [c]ourt lacks subject matter jurisdiction." She also concluded that administrative appeals are not civil actions, but rather that they are appellate in nature. Thus, she held that such appeals are analogous to this Court's review of Superior Court decisions. According to the trial justice, adherence to the time limitations for filings in this Court are "mandatory," and therefore she held that "Rule 6 of the [Superior Court] Rules of Civil Procedure—which extends the last day in computing any time period to the next day which is neither a Saturday, Sunday, nor holiday—is not applicable and does not govern the review proceedings for an administrative appeal." Further, she found that "§ 42-35-15 does not provide for an extension of time for 'excusable neglect.'"

Accordingly, the trial justice held that, under the clear and unambiguous language of § 42-35-15(b), plaintiff had exactly thirty days within which to file its complaint in the Superior Court, which meant that plaintiff had "until October 9, 2010 to file a timely appeal." Because plaintiff's complaint was not filed until October 12, 2010, the trial justice concluded that the court "lack[ed] subject matter jurisdiction over th[e] matter," and she dismissed the case, even though October 9, 10, and 11 comprised the Columbus Day weekend. The plaintiff filed a petition for the issuance of a writ of certiorari on November 4, 2011, which this Court granted on February 2, 2012.

## II

## Standard of Review

This Court's review under § 42-35-16 of the APA is <u>de</u> <u>novo</u>. <u>Heritage Healthcare Services, Inc. v. Marques</u>, 14 A.3d 932, 936 (R.I. 2011). "Although this Court affords the factual findings of an administrative agency great deference, questions of law—including statutory interpretation—are reviewed <u>de</u> <u>novo</u>." <u>Id.</u> (quoting <u>Iselin v. Retirement Board of the Employees' Retirement System of Rhode Island</u>, 943 A.2d 1045, 1049 (R.I. 2008). "When we undertake such a review, 'our ultimate goal is to give effect to the purpose of the act as intended by the Legislature.'" <u>Id.</u> (quoting <u>Labor Ready Northeast, Inc. v. McConaghy</u>, 849 A.2d 340, 344 (R.I. 2004)). Additionally, a determination on the meaning and effect of court rules is a question of law, which this Court also reviews <u>de</u> <u>novo</u>. <u>Jacksonbay Builders, Inc. v. Azarmi</u>, 869 A.2d 580, 583 (R.I. 2005).

## III

## Discussion

Before this Court, plaintiff argues that the trial justice erred in the manner in which she calculated the date by which the complaint had to be filed. Alternatively, plaintiff contends that even if the complaint was not timely filed, the doctrine of excusable neglect should apply and the late filing was justified. However, before addressing plaintiff's arguments, we shall address the trial justice's conclusion that the Superior Court lacked subject matter jurisdiction over an administrative appeal that she determined to be untimely filed.

# A

## Jurisdiction of the Superior Court

In her decision, the trial justice found that plaintiff's complaint was filed after the timeframe for doing so had expired, and, therefore, she concluded that the court lacked subject matter jurisdiction over the case. We believe that this was a misstatement of the law.

Section 42-35-15(a) and (b) provides that "[a]ny person * * * who has exhausted all administrative remedies available to him or her within the agency, and who is aggrieved by a final order in a contested case is entitled to judicial review," and "[p]roceedings for [such] review are instituted by filing a complaint in the superior court." Additionally, "[t]he court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced * * *." Section 42-35-15(g).

This Court has held that, based on the language of this statute, "[c]ertainly, the Superior Court has subject matter jurisdiction over proper administrative appeals." Rivera v. Employees' Retirement System of Rhode Island, No. 2011-166-M.P., slip op. at 13 (R.I., filed April 8, 2013). However, "the real issue before the Superior Court was whether that tribunal, which unquestionably had subject matter jurisdiction, 'should have exercised that jurisdiction.'" Narragansett Electric Co. v. Saccoccio, 43 A.3d 40, 44 (R.I. 2012) (quoting Trainor v. Grieder, 23 A.3d 1171, 1174 (R.I. 2011)). To be sure, and as this Court has noted in the past, "the distinction between the 'appropriate exercise of power and the absence of power' may at times be 'blurry.'" Id. (quoting Mesolella v. City of Providence, 508 A.2d 661, 665 (R.I. 1986)). However, in this case, we are satisfied that the trial justice erred when she held that the Superior Court lacked subject matter jurisdiction over an administrative appeal that she had determined

- 5 -

was untimely filed. Nonetheless, it is our task to decide whether plaintiff's appeal was, in fact, timely filed, and thus, whether the Superior Court's jurisdiction was properly invoked.

**B**

**Applicability of Rule 6 to Administrative Appeals**

In her decision, the trial justice held that Rule 6 "is not applicable and does not govern the review proceedings for an administrative appeal." The plaintiff contends that this holding was erroneous and that Rule 6 should be applied in such appeals, based not only on the rule's clear language, but also on the language of Rules 80(c)[2] and 81[3] of the Superior Court Rules of Civil Procedure. Thus, plaintiff argues that, because the last day to file the complaint fell on the

---

[2] Rule 80(c) of the Superior Court Rules of Civil Procedure states, in pertinent part, that "[t]hese rules, so far as they are applicable, shall govern the review proceedings."

[3] Rule 81 of the Superior Court Rules of Civil Procedure provides, in pertinent part,

> "(a) <u>To</u> <u>What</u> <u>Proceedings</u> <u>Applicable.</u>
>
> "(1) These rules do not apply during the process and pleading stages to the following proceedings:
> "Probate appeals
> "Proceedings in condemnation
> "Petitions for enforcement of mechanics' liens
> "Statutory petitions for receiverships and for dissolution of corporations.
> "(2) These rules do not apply to the following proceedings:
> "Assignments for benefit of creditors
> "Petitions for foreclosure of redemption of interests in land sold for nonpayment of taxes
> "Naturalization proceedings
> "Prerogative writs except where governed by this rule or Rule 80.
> "(3) These rules do not apply to petitions for the writ of habeas corpus.
>
> "* * *
>
> "(e) * * * In applying these rules to any proceedings to which they are applicable, the terminology of any statute which is also applicable, where inconsistent with that in these rules, shall be taken to mean the device or procedure proper under these rules."

Saturday of Columbus Day weekend, Rule 6 should have extended that deadline to October 12, the Tuesday after the legal holiday. As a result, plaintiff urges this Court to hold that her complaint was timely filed. The defendants, on the other hand, argue that Rule 6 is not applicable to administrative appeals based on this Court's decision in <u>Pizzi v. Rhode Island State Labor Relations Board</u>, 857 A.2d 762 (R.I. 2004) (mem.). Furthermore, defendants cite Rule 80(b), which says that "[t]he time within which review [of an administrative action] may be sought <u>shall</u> <u>be</u> <u>provided</u> <u>by</u> <u>law</u>." (Emphasis added.) The defendants contend that § 42-35-15(b) unambiguously granted plaintiff thirty days within which to file a complaint for review and that Rule 6 cannot be used to elongate this timeframe.[4] However, for the reasons that follow, we conclude that Rule 6 should apply in administrative appeals, and, therefore, plaintiff's complaint was timely filed.

Rule 6(a) provides that

> "[i]n computing any period of time prescribed or allowed by these rules, by order of court or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period is to be included, unless it is a Saturday, Sunday, or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday, nor a holiday."

In the past, this Court has held that "[s]tatutes prescribing the time and procedure to be followed by a litigant attempting to secure appellate review are to be strictly construed." <u>Rivera</u>, slip op. at 12 (quoting <u>Sousa v. Town of Coventry</u>, 774 A.2d 812, 814 (R.I. 2001)). However, this does not mean that the timeframes set forth in those statutes are utterly inflexible. <u>See</u> <u>id.</u> at 13 (holding that "the Superior Court has the equitable authority to determine whether the statute providing

---

[4] General Laws 1956 § 42-35-15(b) provides, in pertinent part, that "[p]roceedings for review [of administrative actions] are instituted by filing a complaint * * * within thirty (30) days after mailing notice of the final decision of the agency * * *."

for judicial review of an administrative decision pursuant to § 42-35-15(b) should be tolled in appropriate circumstances").

Rule 80(b) says that "[t]he time within which review [of an administrative action] may be sought shall be provided by law." To determine what law should cabin that timeframe, defendants urge this Court to look no further than § 42-35-15(b), which allows an aggrieved party thirty days within which to file a complaint. However, statutes are not the only "law" to which this Court must look; case law as well as court rules also provide guidance. See Carbone v. Planning Board of Appeal of South Kingstown, 702 A.2d 386, 388 (R.I. 1997) (looking to Rule 80(c) to determine whether Rules 15 and 21 of the Superior Court Rules of Civil Procedure apply to administrative appeals). Therefore, we shall look to those sources of law as well.

The language of Rule 6(a) itself clearly says that it should be applied "[i]n computing any period of time prescribed or allowed * * * by any applicable statute * * *." (Emphases added.) Furthermore, Rule 80(c), which pertains to reviews of administrative actions, provides that "[t]hese rules [of civil procedure], so far as they are applicable, shall govern the review proceedings." Finally, Rule 81 lists the types of proceedings to which the Rules of Civil Procedure shall not apply; administrative appeals are not included on that list. Reading all these provisions together, it is our opinion that Rule 6 should apply to the Superior Court's review of administrative decisions.

In addition, our case law directs us to that same conclusion. In Carbone, 702 A.2d at 388-89, this Court addressed the applicability of certain Rules of Civil Procedure to appeals from administrative agencies. In that case, this Court reaffirmed its holding in Mauricio v. Zoning Board of Review of Pawtucket, 590 A.2d 879 (R.I. 1991), in which we held that such appeals were analogous to this Court's review of lower-court decisions where "the filing of a notice of

- 8 -

appeal is a <u>sine qua non</u> in order to invoke the jurisdiction of the Supreme Court for appellate purposes." <u>Carbone</u>, 702 A.2d at 388 (quoting <u>Mauricio</u>, 590 A.2d at 880). Thus, Rule 3 of the Superior Court Rules of Civil Procedure was held to be inapplicable insofar as it allowed a plaintiff to initiate a civil action by depositing a complaint in the mail. <u>Carbone</u>, 702 A.2d at 388. But we also held that Rules 11, 15 and 21 applied to administrative appeals, and we suggested that other rules, such as Rule 24 of the Superior Court Rules of Civil Procedure, may also apply. <u>Carbone</u>, 702 A.2d at 389. Finally, this Court held that:

> "By mentioning certain rules, we should not be deemed or construed to be excluding other rules that may meet the general requirements set forth in Rule 1 which commands that the rules of civil procedure be construed and administered 'to secure the just, speedy, and inexpensive determination of every action.' In short, those rules of civil procedure which are consistent with the nature of an appellate proceeding may be applied in furtherance of that goal." <u>Id.</u> (quoting Rule 1 of the Superior Court Rules of Civil Procedure).

It is noteworthy that Article I, Rule 20(a) of the Supreme Court Rules of Appellate Procedure, which speaks to the computation of time for appellate proceedings, is almost identical to Rule 6(a) of the Superior Court rules, in that it extends the last day in computing any time period to the next day which is neither a Saturday, Sunday, nor a holiday.[5] Thus, we hold that consistency demands that Rule 6(a) applies to the Superior Court's review of administrative decisions. <u>See</u> <u>Carbone</u>, 702 A.2d at 389.

---

[5] Article I, Rule 20(a) of the Supreme Court Rules of Appellate Procedure provides:
> "In computing any period of time prescribed by these rules, by order of the Court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period is to be included, unless it is a Saturday, Sunday, or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday, nor a holiday."

The defendants cite this Court's order in <u>Pizzi</u>, 857 A.2d at 763-64, to support their argument that Rule 6 should not apply to administrative appeals. In that case, the plaintiff sought to extend the period of time within which to appeal an administrative decision based on Rule 6(d), the subsection which adds one extra day to any prescribed time period if that period begins when a party is served by mail.[6] <u>Pizzi</u>, 857 A.2d at 763. This Court dismissed the matter on procedural grounds because the plaintiff had incorrectly sought review by filing an appeal and not a petition for writ of certiorari. <u>Id.</u> The defendants direct us to the language in <u>Pizzi</u>, 857 A.2d at 763-64, which reads as follows:

> "Nevertheless, we note in passing that even if this case were properly before this Court, Rule 6 of the Superior Court Rules of Civil Procedure is of no assistance to Pizzi. Rule 80 of the Superior Court Rules of Civil Procedure explicitly provides that, with respect to Superior Court claims seeking review of agency decisions, '[t]he time within which review may be sought shall be provided by <u>law</u>.' (Emphasis added.) In this circumstance, the governing law is G.L.1956 § 42-35-15(b), which provides that an appeal from an administrative agency decision to the Superior Court must be perfected within thirty days."

According to defendants, this language unequivocally prohibits plaintiff from seizing on Rule 6(a). We do not agree.

First, we note that this decision was in the form of a memorandum order—not a full opinion—which gives it little precedential value. Second, the language that defendants rely upon is pure dicta, and it had no bearing on the disposition of the case. See Black's Law Dictionary 1177 (9th ed. 2009) (defining "<u>obiter</u> <u>dictum</u>" as "[a] judicial comment made while delivering a

---

[6] Rule 6(d) of the Superior Court Rules of Civil Procedure provides:
> "Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party, and the notice or paper is served upon the party by mail, 1 day shall be added to the prescribed period."

judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential"). Finally, <u>Pizzi</u>, 857 A.2d at 763, does not control our decision in this matter because it is inapt to the issues raised in this case. In <u>Pizzi</u>, the issue before this Court was whether Rule 6(d) extended the time frame for appealing an administrative decision by one day because the plaintiff received that decision by mail. <u>Pizzi</u>, 857 A.2d at 763. Here, we are asked only to decide whether Rule 6(a) should be employed to compute the allowable time, not to extend the allowable period for filing. Thus, we do not believe that the language of <u>Pizzi</u>, dicta though it may be, cuts across our conclusion.

Indeed, from a practical standpoint, because the Superior Court Clerk's office is closed on weekends and holidays, the trial justice's decision would have afforded the plaintiff only twenty-nine days within which to file her complaint. Section 42-35-15(b) says that a plaintiff is to be afforded thirty days.[7]

## IV

### Conclusion

For the reasons set forth in this opinion, we quash the judgment of the Superior Court. The papers in the case are remanded to the Superior Court with our decision endorsed thereon for further proceedings consistent with this opinion.

Justice Robinson did not participate.

---

[7] Because we hold that Rule 6 applies to administrative appeals and that plaintiff's complaint was timely filed, we need not address the parties' arguments regarding the doctrine of excusable neglect.

- 11 -



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

---

**TITLE OF CASE:**   Karen McAninch et al. v. State of Rhode Island Department of Labor and Training et al.

**CASE NO:**   No. 2011-358-M.P.
(PC 10-5950)
(PC 10-5899)

**COURT:**   Supreme Court

**DATE OPINION FILED:**   April 19, 2013

**JUSTICES:**   Suttell, C.J., Goldberg, Flaherty, and Indeglia, JJ.

**WRITTEN BY:**   Associate Justice Francis X. Flaherty

**SOURCE OF APPEAL:**   Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Sarah Taft-Carter

**ATTORNEYS ON APPEAL:**

For Plaintiff:  Carly Beauvais Iafrate, Esq.

For Defendant Providence Public Library:  Matthew H. Parker, Esq.

For Defendant State of Rhode Island Department of Labor and Training:  Mary Ellen McQueeney-Lally, Esq.