J-S62040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DUSTIN JOSEPH MILLER | |
| Appellant | No. 465 MDA 2016 |

Appeal from the Judgment of Sentence November 10, 2015
In the Court of Common Pleas of Fulton County
Criminal Division at No(s): CP-29-CR-0000160-2015

BEFORE:  GANTMAN, P.J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY GANTMAN, P.J.:          **FILED OCTOBER 06, 2016**

Appellant, Dustin Joseph Miller, appeals from the judgment of sentence entered in the Fulton County Court of Common Pleas, following his guilty plea to burglary and theft by unlawful taking.[1]  We affirm.

The relevant facts and procedural history of this case are as follows. On July 9, 2015, Appellant entered the victim's home and removed seventeen firearms and two chainsaws.  On October 6, 2015, Appellant pled guilty to one count each of burglary and theft by unlawful taking.[2]  The court

_____

[1] 18 Pa.C.S.A. §§ 3502(a)(2), 3921(a).

[2] Appellant's guilty plea included an additional theft count at Docket No. 159-2015, relating to a separate incident, and the court consolidated sentencing on all three counts.  The current appeal, however, lies only from the judgment of sentence imposed at Docket No. 160-2015, which relates
*(Footnote Continued Next Page)*

sentenced Appellant on November 10, 2015, to consecutive terms of incarceration of nine (9) to forty-eight (48) months for burglary and twelve (12) to forty-eight (48) months for theft. Appellant timely filed a post-sentence motion on November 20, 2015, which the court denied on February 18, 2016. Appellant filed a timely notice of appeal on March 14, 2016. The court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b), and Appellant timely complied.

Appellant raises the following issues for our review:

> DID THE SENTENCING COURT ERR IN STRICTLY APPLYING THE "RULES" OR "TEST" SET FORTH IN THE STATUTES, 18 PA.C.S. SECTION 3502(D) AND 42 PA.C.S. SECTION 9765, BECAUSE APPLYING THOSE STATUTES AS THE SOLE TEST OF MERGER WOULD USURP THE SUPREME COURT'S AUTHORITY TO INTERPRET PA. CONST. ART. 1, SECTION [10] (PROHIBITION AGAINST DOUBLE JEOPARDY), WHICH USURPATION IS AN UNCONSTITUTIONAL VIOLATION OF THE SEPARATION OF POWERS[?]

> DID THE SENTENCING COURT ERR IN ITS APPLICATION OF THE LANGUAGE OF THE STATUTES, 18 PA.C.S. SECTION 3502(D) AND 42 PA.C.S. SECTION 9765, BECAUSE THE LANGUAGE OF THE STATUTES DOES NOT NECESSARILY EXCLUDE THE APPLICATION OF PRIOR PENNSYLVANIA DOUBLE JEOPARDY JURISPRUDENCE WHICH INCLUDES NOT JUST THE STRICT ELEMENTS OF THE CRIMES, BUT ALSO WHETHER ONE OF THE CRIMES REQUIRE A "PROOF OF A FACT" THAT THE OTHER DOES NOT.

(Appellant's Brief at 9).

_(Footnote Continued)_ ───────────────

solely to the burglary and theft convictions in connection with the July 9, 2015 incident.

In his issues combined, Appellant argues the doctrine of merger is grounded in the constitutional prohibition against double jeopardy. Appellant asserts the relevant merger statutes cannot supersede the courts' authority to determine whether offenses merge for sentencing under the double jeopardy clause. Appellant contends a constitutional merger analysis requires an examination of the statutory elements of the offenses at issue **and** the factual circumstances of the particular case. Appellant further claims 42 Pa.C.S.A. § 9765 codified preexisting case law, which did not dictate a strict elements approach to merger. Appellant contends his convictions for burglary and theft should merge for sentencing because they were essentially based on a single criminal act—breaking into a home and stealing property. Appellant concludes this Court should vacate his theft sentence. We disagree.

"A claim that crimes should have merged for sentencing purposes raises a challenge to the legality of the sentence. Therefore, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Quintua**, 56 A.3d 399, 400 (Pa.Super. 2012), *appeal denied*, 620 Pa. 730, 70 A.3d 910 (2013). Merger of sentences is governed generally by Section 9765 of the Sentencing Code, which provides:

### § 9765. Merger of sentences

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes

- 3 -

> merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765. *See also Commonwealth v. Baldwin*, 604 Pa. 34, 985 A.2d 830 (2009) (recognizing General Assembly's prerogative to determine when offenses merge for sentencing and rejecting claim that Section 9765 elements test for merger violates federal double jeopardy clause); *Commonwealth v. Wade*, 33 A.3d 108 (Pa.Super. 2011) (stating: "There is nothing in the text of our constitution, the case law interpreting the Pennsylvania double jeopardy clause, or more modern Pennsylvania or federal jurisprudence that reveals that the Pennsylvania Constitution affords greater double jeopardy protections in the merger of sentencing arena than does the federal constitution"; Section 9765 does not run afoul of double jeopardy clause in Pennsylvania Constitution). Further, "A person may not be sentenced both for burglary and for the offense which it was his intent to commit after the burglarious entry or for an attempt to commit that offense, **unless** the additional offense constitutes a felony of the first or second degree." 18 Pa.C.S.A. § 3502(d) (emphasis added). *See also* 18 Pa.C.S.A. 3903(a)(2) (grading theft as second-degree felony where property stolen is firearm).

The Crimes Code defines burglary in relevant part as follows:

**§ 3502.  Burglary**

**(a) Offense defined.**—A person commits the offense of burglary if, with the intent to commit a crime therein, the person:

\*   \*   \*

(2) enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense no person is present[.]

18 Pa.C.S.A. § 3502(a)(2).  "A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof."  18 Pa.C.S.A. § 3921(a).

Instantly, Appellant entered the victim's home and stole multiple firearms and chainsaws.  Appellant pled guilty to burglary and theft by unlawful taking, which was the offense he intended to commit upon entering the victim's home.  The burglary conviction required proof that Appellant entered the home with intent to commit a crime.  **See** 18 Pa.C.S.A. § 3502(a)(2).  To convict Appellant of theft, the Commonwealth had to prove Appellant unlawfully took, or exercised control over, movable property of the victim with intent to deprive him of that property.  **See**. 18 Pa.C.S.A. § 3921(a).  Thus, each offense requires proof of an element the other does not.  Pursuant to Section 9765, Appellant's burglary and theft offenses would not merge for sentencing.  **See** 42 Pa.C.S.A. § 9765.  The plain text of the Section 9765, and the Supreme Court's pronouncement in **Baldwin**, belie Appellant's claim that the statute does not dictate a pure elements approach to merger.  **See Baldwin, supra** at 39, 985 A.2d at 833 (stating: "The statute's mandate is clear.  It prohibits merger unless two distinct facts are

present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other"). Nevertheless, the burglary statute might prohibit separate sentences "unless the additional offense constitutes a felony of the first or second degree." *See* 18 Pa.C.S.A. § 3502(d). Here, Appellant's theft offense was properly graded as a second-degree felony. *See* 18 Pa.C.S.A. 3903(a)(2). Therefore, the offenses also do not merge under the terms of the burglary statute. *See* 18 Pa.C.S.A. § 3502(d).

Additionally, Appellant's "separation of powers" argument misconstrues the relationship between double jeopardy and the merger doctrine. Both *Baldwin* and *Wade* recognized that double jeopardy protections are principally a restraint on courts and prosecutors; they do not limit the authority of the General Assembly to define crimes and fix punishments, including when offenses merge for sentencing. *See Baldwin, supra* at 44, 985 A.2d at 836-37 (stating: "With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended"); *Wade, supra* at 120 (stating same). Therefore, neither 42 Pa.C.S.A. § 9765 nor 18 Pa.C.S.A. § 3502(d) violates the separation of powers doctrine. Furthermore, *Baldwin* explicitly rejected the claim that Section 9765 is unconstitutional under the federal double jeopardy clause. *See Baldwin, supra*. *Wade* likewise held Section 9765

does not violate the double jeopardy clause of the Pennsylvania Constitution. *See Wade, supra*. By the same logic, 18 Pa.C.S.A. § 3502(d), which provides even greater protection against cumulative sentences in burglary cases relative to the baseline set by Section 9765, does not offend federal or state double jeopardy principles. Based on the foregoing, the trial court properly imposed separate sentences for Appellant's burglary and theft convictions. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/6/2016